Argued and submitted December 14, 2004, appeal dismissed March 9, 2005

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT EUGENE ROY,
*Respondent.*

CM0120661; A122505

108 P3d 88

Kathleen Cegla, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Michael E. Rose argued the cause for respondent. With him on the brief was Steeson, Schumann, Tewksbury and Rose, PC.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

The state appeals from an order that determined that defendant had committed a probation violation and that continued defendant's probation, rather than revoking probation and imposing a sanction of imprisonment. The state argues that the trial court erred in failing to revoke defendant's probation and, particularly, that the court's failure in that regard violated the terms of a stipulated sentencing agreement by which a violation of probation would result in the revocation of probation and the imposition of a 16-month prison term. As explained below, we conclude that the order is not appealable and, particularly, that ORS 138.060(1)(e) does not confer appellate jurisdiction in these circumstances.[1] Accordingly, we dismiss the appeal.

The relevant facts are not in dispute. Defendant was charged in 2001 with a number of sexual offenses. In July 2001, defendant pleaded guilty to one count of attempted rape in the first degree and entered into a sentencing agreement that provided for a sentence of 10 years' probation and further provided that defendant stipulated to a "sentence of 16 months in the event of any violation of probation herein." The court thereafter entered a judgment of conviction imposing a sentence of 10 years' probation pursuant to ORS 137.012. One of the conditions of probation was that defendant have no contact with any person under the age of 18 without prior written consent of his supervising officer. That judgment further provided that "defendant, his attorney, the Court and the State all agree that ANY violation of probation shall trigger an automatic prison sentence of 16 months." That judgment was entered in August 2001.

---

[1] The state previously filed a motion for a summary determination of appealability pursuant to ORS 19.235(3) and ORAP 2.35. In response, defendant took the position that the order was appealable. This court entered an order that concluded that "the determination of the appealability question is inextricably intertwined with the merits of this appeal" and, thus, deferred and referred the determination of the jurisdictional matter to the merits panel. Because this court has an independent obligation to determine appealability, *see Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 333, 89 P3d 1277, *rev den*, 337 Or 327 (2004) (jurisdictional matters are never waived and can be raised at any stage in a proceeding), the fact that defendant is now advancing arguments that contradict his earlier "concession" is of no moment.

In July 2003, the trial court held a hearing to determine whether defendant had violated the terms and conditions of his probation. Defendant's probation officer testified that defendant, one of defendant's friends, and defendant's sex offender treatment provider had been working on a risk plan or set of guidelines under which defendant could have contact with the friend's children, with the friend supervising those visits. The probation officer instructed defendant to have no contact with the children until a review of the risk plan took place. Defendant's sex offender treatment provider thereafter approved the friend as a supervisor of such visitations. The following week, defendant reported to the probation officer that he had been invited out to dinner by the friend and that, when he arrived at the restaurant, he discovered that the friend's family, including the children, were present. Defendant remained at the restaurant and had dinner but was not seated near the children. The probation officer further testified that defendant had, in all other respects, complied with the terms of his probation, including polygraphs and sex offender treatment. Defendant also presented evidence that revocation of his probation would interfere with his sex offender treatment and cause financial hardship for family members whom he supported while on probation.

The court found that defendant had violated the terms of his probation by having contact with the friend's children without the written consent of his probation officer. The court continued defendant's probation and did not impose the 16-month prison sentence set forth in the stipulated sentencing agreement. Instead, the court, as a sanction for the violation, imposed a 15-day jail term.

■ The state appeals, arguing that the court erred in failing to revoke defendant's probation and impose the 16-month prison term stated in the stipulated sentencing agreement. Defendant responds that we should dismiss the appeal for lack of jurisdiction because the order challenged here is not appealable under ORS 138.060. Defendant further responds, on the merits, that the determination of whether to revoke probation and impose sanctions is a matter committed to the trial court's discretion and that the trial

court's action here was within the range of permissible discretion. We do not reach the merits because we conclude that we lack jurisdiction.

ORS 138.060(1) provides:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"(a)   An order made prior to trial dismissing or setting aside the accusatory instrument;

"(b)   An order arresting the judgment;

"(c)   An order made prior to trial suppressing evidence;

"(d)   An order made prior to trial for the return or restoration of things seized;

"(e)   A judgment of conviction based on the sentence as provided in ORS 138.222;

"(f)   An order in a probation revocation hearing finding that a defendant who was sentenced to probation under ORS 137.712 has not violated a condition of probation by committing a new crime;

"(g)   An order made after a guilty finding dismissing or setting aside the accusatory instrument;

"(h)   An order granting a new trial; or

"(i)   An order dismissing an accusatory instrument under ORS 136.130."

The state may bring an appeal in a criminal case only from orders or judgments described in ORS 138.060. *See State ex rel Carlile v. Frost*, 326 Or 607, 612, 956 P2d 202 (1998) ("ORS 138.020 limits appeals by the state in criminal cases to those allowed by ORS 138.060.").

The disposition that the state seeks to appeal is labeled "Probation Violation Judgment Order" and directs that defendant's probation be continued under the same conditions previously imposed, with a 15-day jail term specified as a condition of continued probation. The state contends that that order is appealable under ORS 138.060(1)(e)—that is, that the circuit court's order constituted "a judgment of conviction based on the sentence as provided in ORS 138.222." The state's argument fails because the disposition

it seeks to appeal here was not a "judgment of conviction" as that term is used in ORS 138.060(1)(e). Rather, the only "judgment of conviction" in this case was the judgment that the court entered in convicting defendant of attempted first-degree rape in August 2001.

In construing statutes, we are to begin with the statutory text viewed in context. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). ORS 138.060(1)(e) was enacted in 1989. *See* Or Laws 1989, ch 790, § 21a. Then, as now, no statute defined "judgment of conviction." However, "conviction" had the same commonly understood meaning then as it does today:

> "[T]he act of proving, finding, or adjudging a person guilty of an offense or crime; [specifically]: the proceeding of record by which a person is legally found guilty of any crime [especially] by a jury and on which the judgment is based[.]"

*Webster's Third New Int'l Dictionary* 499 (unabridged ed 2002). The Supreme Court adhered to that "plain meaning" understanding in construing ORS 163.150(1)(f), a statute providing for direct Supreme Court review of "the judgment of conviction and sentence of death" in aggravated murder cases. *See State v. McDonnell,* 306 Or 579, 582, 761 P2d 921 (1988) ("A 'judgment of conviction' represents the combined factual and legal determinations that *the defendant committed acts constituting a crime* and that there is no legal impediment to so declaring[.]" (Emphasis added.)).

Statutory context as of 1989 also corroborates that understanding. *See, e.g.,* ORS 137.071 (1989) (prescribing "the requirements for judgments in actions and proceedings resulting from a person being accused and tried for the commission of an offense," including that the judgment "must specify clearly the court's determination for each charge in the information, indictment or complaint"). Conversely, although the criminal statutes in 1989 included extensive provisions regarding the imposition, modification, and revocation of probation, *see* ORS 137.520 to 137.630 (1989), none of those provisions employed the term "judgment of conviction" to describe orders entered as a result of a probation revocation proceeding.

In sum, when ORS 138.060(1)(e) was enacted in 1989, the meaning of "judgment of conviction" was unambiguous, and nothing in the statute's context qualified, much less contradicted, that plain meaning. So understood, "judgment of conviction" does not encompass an order in a probation violation proceeding.

The state seems to suggest, nevertheless, that a subsequent amendment to ORS 138.222(7) in 2001 had the effect of modifying and expanding the range of dispositions that the state may appeal under ORS 138.060(1)(e). We disagree.

ORS 138.222(7) (2001)[2] provided:

"Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which a sentence was entered subsequent to:

"(a)   A plea of guilty or no contest;

"(b)   A probation revocation or sentence suspension; or

"(c)   A resentencing ordered by an appellate court or a post-conviction relief court."

As we understand the state's argument, it is that the reference to "a probation revocation or sentence suspension" in the statute's second sentence necessarily describes a species of "judgment of conviction" as used in the statute's first sentence. Thus, the state reasons, a "probation revocation" must be a "judgment of conviction"—and, by extension, is appealable under ORS 138.060(1)(e). The state's argument misapprehends the proper relationship between ORS 138.222(7) and ORS 138.060(1)(e) and, particularly, the effect of the reference to "probation revocation" in the former on the proper operation of the latter.

ORS 138.222(7) does not itself confer jurisdiction for appeals; rather, it "defines the scope of our review in felony

---

[2] We refer to the 2001 version of the statute because it was in effect when the judgment and subsequent order in the present case were entered.

sentencing cases[.]" *State v. Lebeck*, 171 Or App 581, 584, 17 P3d 504 (2000).[3] ORS 138.222, including subsection (7), was—like ORS 138.060(1)(e)—originally enacted in 1989. *See* Or Laws 1989, ch 790, § 21. As originally enacted, subsection (7) included only the first of the above-quoted sentences, *i.e.,* it referred only to appeals from "a judgment of conviction," subject to "the limitations of chapter 790, Oregon Laws 1989." As noted, of Oregon Laws 1989, chapter 790, section 21a amended ORS 138.060 to add the provision currently found at ORS 138.060(1)(e)—that the state may appeal a "judgment of conviction based on the sentence as provided in section 21 of this 1989 Act [codified at ORS 138.222]." Thus, as enacted, the reference to "judgment of conviction" in ORS 138.222(7) mirrored the limitation on state's appeals found in ORS 138.060(1)(e). Concomitantly, the cross-reference in ORS 138.060(1)(e) to ORS 138.222 did not somehow expand the types of dispositions that the state could appeal beyond those expressly identified in ORS 138.060.

The second sentence of ORS 138.222(7)—which includes the reference to "probation revocation"—was added in 2001. Or Laws 2001, ch 644, § 3. The 2001 amendments to ORS chapter 138 did not concern state's appeals but, instead, added the requirement that criminal defendants make a showing of "colorable claim of error" before an appeal from a judgment involving any of the three listed dispositions could proceed. Or Laws 2001, ch 644, §§ 1, 2. Nothing in the 2001 amendment to ORS 138.222(7) indicates that, by placing the new *limitations* on *defendants'* appeals, the legislature intended to *expand* the *state's* appeal rights.

We note, moreover, that that understanding of the significance (or insignificance) of the 2001 amendment to ORS 138.222(7) comports with other contextual components of the statutory scheme as it has evolved since 1989. Those developments confirm that, when the legislature wants to confer a right of appeal in cases involving imposition or revocation of probation, it knows how to do so.

Most obviously, in 1997, the legislature amended ORS 138.060(1) to add paragraph (f), which provides that the

---

[3] The state does not assert that ORS 138.222(7) itself is a source of appellate jurisdiction in this case. Rather, as noted, the state suggests that ORS 138.222(7) informs the scope of ORS 138.060(1)(e).

state may appeal from "[a]n order in a probation revocation hearing finding that a defendant who was sentenced to probation under ORS 137.712 has not violated a condition of probation by committing a new crime." Or Laws 1997, ch 852, § 11. If the legislature, in amending ORS 138.222(7) in 2001, had intended to expand the state's appellate rights under ORS 138.060(1) to include the circumstances here—*viz.*, a determination that a defendant's probation should not be revoked for a violation that did not constitute a new crime—it clearly knew how to do so. *See also* ORS 138.040; ORS 138.053(1)(e) (providing for appeal by a *defendant* of disposition that includes "[i]mposition or execution of a sentence upon revocation of probation or sentence suspension").

ORS 138.060(1)(e) does not confer appellate jurisdiction in these circumstances. Accordingly, the state's appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.