Argued and submitted January 31, 2013, affirmed January 23, petition for review denied May 8, 2014 (355 Or 380)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RENEE ANN BREWER,
*Defendant-Appellant.*

Josephine County Circuit Court
11CR0706; A150602

320 P3d 620

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant pleaded guilty to second-degree robbery, ORS 164.405, and was sentenced to a mandatory minimum sentence of 70 months' incarceration under ORS 137.700. She appeals the judgment imposing that sentence, contending that the sentencing court erred when it concluded that she did not qualify for a downward departure sentence under ORS 137.712. The state, in response, asserts first that, because defendant pleaded guilty, under ORS 138.050, her claim of error is not justiciable. In addition, the state asserts that, even if defendant's claim under ORS 137.712 is justiciable, the sentencing court correctly denied defendant's request for a downward departure sentence and, in any event, any error in the court's application of ORS 137.712 was harmless. As explained below, we conclude that we have jurisdiction to consider defendant's claim of error in this case. With respect to the merits, we conclude that the sentencing court erred in its application of ORS 137.712(2)(d)(B), but that the error was harmless. Accordingly, we affirm.

We begin by noting that a "party does not have an inherent right to appellate court review[.]" *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983). Rather, the right to appeal is controlled by statute, and "an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." *Id.* Statutes control not only the right to appeal, but also the scope of review. *State v. Cook*, 108 Or App 576, 580, 816 P2d 697 (1991), *rev den*, 312 Or 588 (1992). Although the terms are sometimes used interchangeably, "[a]*ppealability* is not identical with *reviewability.*" *State v. Montgomery*, 294 Or 417, 420, 657 P2d 668 (1983) (emphasis in original). "*Appealability* generally is concerned with whether an appeal can be taken at all." *Id.* (emphasis in original). In contrast, "[r]eviewability" concerns which issues can be considered on appeal and "generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment." *Id.* (emphasis in original). In *State v. Jackman*, 155 Or App 358, 362, 963 P2d 170, *rev den*, 328 Or 115 (1998), we explained:

"It is axiomatic that an appellate court lacks jurisdiction over an appeal from an order that is not appealable. On

the other hand, although an appellant who appeals from an appealable order but raises an issue that is not reviewable certainly will not prevail on appeal, the reason is that the court may not consider the *issue* raised, not that the court lacks jurisdiction over the case."

(Emphasis in original.)

Thus, in resolving whether we may address a particular issue that is raised on appeal, we are confronted with two separate but often interrelated questions. The first question is whether a statute confers appellate jurisdiction—that is, whether a statute grants an appellant the right to appeal. The second question is whether a statute authorizes or limits appellate review of the particular issue raised in the appeal.

As noted, in this case, the state contends that defendant's claim of error is not justiciable in light of ORS 138.050. That statute provides, in relevant part:

"(1)   Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual.

"* * * * *

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."[1]

Under ORS 138.050, then, the issues that may be appealed and those that may be reviewed in the appeal are the same—whether the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual.

---

[1] ORS 138.040 imposes a similar limitation for appeals of judgments of criminal convictions not arising from guilty or no contest pleas. For that type of appeal, the appellate court "may review * * * [a]ny decision of the court in an intermediate order or proceeding" or "[a]ny disposition * * * as to whether" it "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual."

In the state's view, ORS 138.050 limits us to determining only two types of issues following a guilty plea: whether the disposition "[e]xceeds the maximum allowable by law" and whether it "[i]s unconstitutionally cruel and unusual." Since neither consideration is presented by defendant's claim on appeal—that the disposition should be *less* than the maximum allowable by law—the state asks that the appeal be dismissed.

Defendant contends, however, that another statute, ORS 138.222, confers jurisdiction over her appeal. That statute provides, in relevant part:

> "(1) Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided in this section.
>
> "* * * * *
>
> "(7) Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:
>
> "(a) A sentence was entered subsequent to a plea of guilty or no contest[.]"

A separate part of that statute, ORS 138.222(4)(a), concerns reviewability and limits the colorable claims of error that may be evaluated in any such appeal to include whether the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]" Defendant argues that we have jurisdiction to consider her appeal under ORS 138.222(7) because she is raising a "colorable claim of error" under ORS 138.222(4)(a)—that the sentencing court erred in not applying ORS 137.712—and her appeal arises from a proceeding in which a "sentence was entered subsequent to a plea of guilty[.]"

In support of its position, the state relies upon *State v. Anderson*, 197 Or App 193, 104 P3d 1175 (2005). The facts in *Anderson* mirror those in this case. There, the

defendant pleaded guilty to second-degree robbery and was given a 70-month minimum sentence under ORS 137.700. She assigned error to the trial court's ruling that she did not qualify for a downward departure sentence under ORS 137.712(2)(d). The defendant argued that jurisdiction to consider her claim of error existed under ORS 138.222(4)(a), again, which provides that we may review a claim "[i]n any appeal" that the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"

We concluded that "[m]eeting the criteria of ORS 138.050(1) * * * establishes appealability, which is another way of saying that it gives us jurisdiction over the case." *Anderson*, 197 Or App at 197. If jurisdiction exists, "we may be unable to *review* a particular *issue* raised on appeal unless a defendant meets the criteria in reviewability statutes such as ORS 138.050(3) and ORS 138.222." *Id.* (emphasis in original). We determined that the "[e]xceeds the maximum allowable by law" standard in ORS 138.050(1)(a) pertains to an error that "might have caused a sentence that exceeds the maximum allowable by law." *Id.* at 199. Because the alleged sentencing error "deprived [the] defendant only of an opportunity to be considered for a subminimum sentence[,] it did not expose her to a sentence that exceeded the legal maximum." *Id.* at 199-200. We dismissed the appeal because "we lack[ed] jurisdiction to consider it." *Id.* at 200.

*Anderson* treated ORS 138.222 as merely a reviewability statute, relevant to establishing which issues may be considered in an appeal but not pertinent to establishing jurisdiction over an appeal. We echoed that conclusion in *State v. Roy*, 198 Or App 209, 215-16, 108 P3d 88 (2005), stating that "ORS 138.222(7) does not itself confer jurisdiction for appeals; rather, it 'defines the scope of our review in felony sentencing cases[.]'" (Citing *State v. Lebeck*, 171 Or App 581, 584, 17 P3d 504 (2000).)

However, in other cases, we treated ORS 138.222(7) as an appealability statute. For example, in *State v. Munro*, 109 Or App 188, 190, 818 P2d 971 (1991), *rev den*, 312 Or 588 (1992), the defendant challenged the sentence imposed

after he pleaded guilty to a felony, and we concluded that "[w]e have jurisdiction of the appeal under ORS 138.222(7)" and that other parts of ORS 138.222 affected reviewability of the sentencing issue. Likewise, in *Cook*, 108 Or App at 581, where three of four defendants challenged the sentences imposed after they pleaded guilty or no contest to felonies, we concluded that ORS 138.222(7) conferred jurisdiction, and we did not dismiss the appeals. Finally, in *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007), we considered an appeal involving the application of ORS 137.712 to a second-degree robbery sentence. That sentence, however, resulted from a verdict and not a plea. We concluded that "review is permitted" under ORS 138.222(4)(a). *Id.* at 207. In *Arnold*, we did not analyze appealability under the applicable provisions in ORS 138.040(1) that are analogous to the appeal limitations of ORS 138.050(1) (whether the disposition "[e]xceeds the maximum allowable by law").

This seeming inconsistency in our case law is resolved by the Supreme Court's decision in *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011). Under *Cloutier*, ORS 138.050 governs appeal and review of sentences only for misdemeanors and, under ORS 138.222(7), defendant may appeal her judgment of conviction based on her felony sentence and, under ORS 138.222(4)(a), we may review defendant's claim of error in this case.

In *Cloutier*, the defendant pleaded no contest to a misdemeanor offense and challenged his sentence on the ground that it violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Supreme Court concluded that the appeal was not cognizable under ORS 138.050 because the sentence was within the maximum allowable by applicable statutes, and therefore did not "[e]xceed[] the maximum allowable by law[.]" In reaching that conclusion, the court reviewed the history of ORS 138.040 and ORS 138.050 in order to determine the meaning of "[e]xceeds the maximum allowable by law" in both statutes. The court noted that a new and particular sentencing appeal statute, ORS 138.222, was adopted as part of the determinate sentencing statutes and guidelines enacted in 1989. The court explained:

"As part of the package of legislation concerning the new sentencing law, the legislature enacted what is now ORS 138.222, governing appeal and review of sentences imposed for felonies committed on or after the effective date of the sentencing guidelines law. The statute begins by authorizing appeals of judgments of conviction based on a sentence for felonies committed on or after November 1, 1989. ORS 138.222(7). It then specifies the scope of review in such appeals with explicit reference to ORS 138.040 and ORS 138.050. It states that[,] '[n]otwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.' ORS 138.222(1).

"* * * * *

"In a nutshell, then, appeal and review of sentences imposed for felonies committed after November 1, 1989, are governed by ORS 138.222. ORS 138.040 and ORS 138.050 now apply only to appeal and review of sentences for misdemeanor offenses."

*Cloutier*, 351 Or at 90-91.

The state suggests that the "nutshell" observation in *Cloutier* is *dictum* and need not be followed by this court because the case was a misdemeanor sentencing appeal and the application of ORS 138.222 to felony sentencing appeals was not before the Supreme Court. Instead, the state suggests that we should continue to regard ORS 138.050 as limiting the appealability of all judgments entered after guilty or no contest pleas and ORS 138.222 as regulating the reviewability of those judgments that sentence for felony convictions.

We decline to follow the state's suggestion. *Dictum* or not, the "nutshell" conclusion in *Cloutier* is correct. We determine the legislature's intended meaning of ORS 138.222(7) by examining the text and context of the provision, together with any relevant legislative history of the statute. *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). We first observe that *Cloutier*'s conclusion that ORS 138.222(7) confers jurisdiction and regulates the appealability of felony sentences is supported by the plain text of the statute. ORS 138.222(7) twice uses the word "appeal"; it first provides

that "[e]ither the state or the defendant may *appeal*" and then provides that "[t]he defendant may *appeal*" in specific situations. (Emphases added.) The legislature's use of the word "appeal" in ORS 138.222(7) clearly contrasts with its use of the word "review" in other parts of the statute, including ORS 138.222(4), which provides that, "[i]n any appeal, the appellate court may *review*" certain claims. (Emphasis added.)

Moreover, in a related statute, the legislature has particularly denominated ORS 138.222(7) as an "appealability" statute. Specifically, ORS 137.020(5)(b) requires the court in sentencing a defendant who has pleaded guilty or no contest, as well as in other situations, to "advise the defendant of the *limitations on appealability* imposed by ORS 138.050(1) and ORS 138.222(7)." (Emphasis added.) Relatedly, in appeals from criminal courts of record, ORS 138.060(1)(e) provides that the "state may take an appeal from * * * [a] judgment of conviction based on the sentence as provided in ORS 138.222[.]" "[T]ak[ing] an appeal * * * as provided in ORS 138.222" suggests that an appeal allowance—the conferring of jurisdiction—is provided in ORS 138.222.

Finally, because ORS 138.222(7) has different, and not redundant, limitations on the appealability of sentencing judgments than ORS 138.050(1) has, we infer that ORS 138.222(7) operates separately and independently of ORS 138.050(1) in conferring appellate jurisdiction. ORS 138.222(7) is expressly conditioned upon showing *any* "colorable claim of error" in sentencing ("The defendant may appeal under this subsection only upon showing a colorable claim of error * * *."), whereas ORS 138.050(1) requires a "colorable showing" that the disposition is statutorily or constitutionally excessive.[2]

---

[2] ORS 138.222(7) was amended in 2001 to add the requirement that a defendant may appeal under the subsection "only upon showing a colorable claim of error[.]" Or Laws 2001, ch 644, § 3. That requirement allowed early dismissal of a nonmeritorious appeal. The amendment was part of a package of statutory changes designed to "reduce the number and cost of appeals and other proceedings available to defendants in criminal cases[.]" Testimony, Senate Committee on Judiciary, HB 2351, May 1, 2001, Ex B (statement of James W. Nass, Appellate Legal Counsel for the Oregon Supreme Court and Court of Appeals). In his testimony, Nass noted that,

That said, it is also evident that the legislature intended the appealability and reviewability provisions in ORS 138.222, applicable to sentences on convictions for post-1989 felonies, to replace both the appealability and reviewability provisions of ORS 138.050 to the extent that they previously applied to felony sentences. Prior to 1989, as noted, in an appeal from a guilty or no contest plea, ORS 138.050 limited the authority to appeal and the issues reviewable on appeal to circumstances where the disposition "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." Relatedly, ORS 138.040 limited the appealability and reviewability of other criminal cases to a review of any "decision of the court in an intermediate order or proceeding" and whether the sentence "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." After 1989, ORS 138.222 alone determines the reviewability of sentencing issues in a felony judgment. ORS 138.222(1) provides that, "[n]otwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section."

The remaining parts of ORS 138.222 establish limitations on the reviewability of certain sentencing decisions, ORS 138.222(2) and (3), but otherwise allow review on questions of whether the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a). ORS 138.222(3) allows a defendant to obtain review on whether a departure sentence

---

"[i]n *[State ex rel Juv. Dept.] v. Balderas*, 172 Or App 223[, 18 P3d 434] (2001), the Court of Appeals addressed what constitutes a colorable claim of error in the context of an appeal in a juvenile delinquency case. The court held that an appellant 'must somehow indicate to this court intended or possible contentions on appeal' or 'identify some cognizable claim of error.'"

In other contexts, Oregon courts have held that the colorable claim of error standard requires a party to present a claim that may reasonably be asserted under current law and that is plausible given the facts and the current law, or a reasonable extension or modification of current law. *See, e.g., Atkinson v. Board of Parole*, 341 Or 382, 388-90, 143 P3d 538 (2006) (defining the colorable claim standard as used in ORS 144.335); *State ex rel Dept. of Human Services v. Rardin*, 338 Or 399, 406-08, 110 P3d 580 (2005) (colorable claim standard as used in ORS 419A.200(5)(a)(A)); *Bergerson v. Salem-Keizer School District*, 185 Or App 649, 651, 60 P3d 1126 (2003) (colorable claim standard in ORS 183.482(3)(a)).

is supported by findings that "[c]onstitute substantial and compelling reasons for departure."

It would be inconsistent to allow review of issues under ORS 138.222(3) and (4)—which *do not* involve exceeding the maximum allowable disposition or cruel and unusual dispositions—but only in those cases where the appealability standards of ORS 138.050(1) are met, *i.e.*, cases that *do* involve exceeding the maximum allowable disposition or cruel and unusual dispositions. We obviously cannot review cases in which the issue is whether a downward departure sentence should have been imposed only in cases where the question is whether the disposition exceeded the maximum allowed by law. The only way to give effect, then, to the reviewability allowances in ORS 138.222(3) and (4) is to conclude that appealability to review those issues is determined by ORS 138.222(7) (requiring a showing of a colorable claim of error) and not by ORS 138.040 or ORS 138.050 (requiring a colorable showing of excessive disposition). We are obliged to construe statutes to give effect to all of the statutory provisions. *See* ORS 174.010 ("[W]here there are several provisions or particulars[,] such construction is, if possible, to be adopted as will give effect to all."). Thus, based on the plain text of ORS 138.222(7) and related statutes, we construe ORS 138.222(7) to be the exclusive appealability provision governing appeals of felony sentences and *Cloutier*'s "nutshell" conclusion to be correct.

We have already accepted *Cloutier*'s conclusion to this same effect. *State v. Beckham*, 253 Or App 609, 615, 292 P3d 611 (2012) (citing *Cloutier* for the rule that ORS 138.222 governs appeal and review of sentences imposed for felonies committed after November 1, 1989, and that ORS 138.050 governs only with respect to misdemeanor sentences). Further, we recently acknowledged that *Cloutier* "may call into question" the analyses in some of our cases. *State v. Landahl*, 254 Or App 46, 59, 292 P3d 646 (2012), *rev den*, 353 Or 788 (2013). In light of *Cloutier*, we conclude that *Anderson* and *Roy* have been vitiated by *Cloutier*. We also reaffirm our decisions in *Munro* and *Cook*, each of which holds that ORS 138.222(7) confers jurisdiction when a defendant appeals a judgment based on a sentence in a

felony case, so long as that defendant raises a colorable claim of error within the meaning of ORS 138.222(7).

Thus, *Cloutier* resolves the jurisdictional issue in this case. Because defendant committed second-degree robbery, a felony, after November 1, 1989, ORS 138.222(7) applies to the appeal of her sentence and ORS 138.050(1) does not apply. Under ORS 138.222(7), a defendant who was sentenced subsequent to a guilty plea "may appeal a judgment of conviction based on the sentence for a felony[,]" but "only upon showing a colorable claim of error[.]" Defendant asserts that the court erred when it denied her request to impose a downward departure sentence under ORS 137.712(1), concluding that she failed to qualify under ORS 137.712(2)(d). That assertion raises a colorable claim of error within the meaning of ORS 138.222(7), and, under *Arnold*, is reviewable under ORS 138.222(4)(a), which provides that, in any appeal, we may review a claim that the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"

In *Arnold*, we determined that a claim of sentencing error in the application of ORS 137.712(2)(d) was reviewable under ORS 138.222(4)(a). There, the defendant was convicted of second-degree robbery on an aid-and-abet theory. He argued that ORS 137.712(2)(d) required consideration of a lesser sentence because, among other things, he made no deadly weapon representation to a fearful victim under ORS 137.712(2)(d)(C). The trial court concluded that the defendant was accountable for the representation of his accomplice, and ineligible for a sentence pursuant to ORS 137.712(1). On review, we concluded that the "failing to impose" provision of ORS 138.222(4)(a) "permits this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence." *Arnold*, 214 Or App at 212. As in *Arnold*, here, defendant contends that the court erred in failing to impose a downward departure sentence because it improperly determined that she failed to prove compliance with ORS 137.712(2)(d)(B). That contention is that the "sentencing court failed to

comply with requirements of law in * * * failing to impose a sentence" and is reviewable under ORS 138.222(4)(a).[3]

Because defendant's case is both appealable and reviewable, we turn to the substance of defendant's claim. "We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012). Defendant's sentence was based on the following events.

Defendant walked into a bank and robbed a teller at knifepoint. She handed the teller a written note that read, "Give me $300." The teller was "shocked" and did not know how to respond. Defendant yelled, "Give it to me now!" or "Do it now!" Defendant pulled out a pocketknife. The knife was open with the blade outward. Defendant held the knife outward at chest level, parallel over the counter, and pointed it toward the teller. Defendant shook the knife. The teller was afraid for her life. She removed $300 from her money drawer and handed it over to defendant. When it was over, the teller turned to other bank employees and said, "We've been robbed." Until that point, the bank employees had not realized what had happened.

Based on video evidence, defendant was soon apprehended, and ultimately she pleaded guilty to second-degree robbery. ORS 164.405.[4] Second-degree robbery is subject

---

[3] Despite *Arnold*, the state contends that defendant's claim is unreviewable because her claim raises an issue of fact, not an issue of law, so that the issue is not whether the "sentencing court failed to comply with requirements of law[.]" ORS 138.222(4)(a). In *Arnold*, the sentencing court erred by applying the wrong legal rule, determining that the defendant was ineligible for a downward departure sentence as a matter of law, and then failing to consider whether a substantial and compelling reason justified a lesser sentence. 214 Or App at 215. Analogously, defendant here claims that the sentencing court erred by reaching a legal conclusion that was not supported by the facts in evidence, determining that defendant was ineligible for a downward departure sentence, and then failing to consider whether a substantial and compelling reason justified a lesser sentence. In a criminal case, sufficiency of the evidence is a question of law. *State v. Harris*, 288 Or 703, 723, 609 P2d 798 (1980). Similarly, in this case, the issue of whether the court properly concluded that defendant failed to prove a necessary predicate to the exercise of the court's sentencing discretion under ORS 137.712 is a question of law and the court's purported improper determination of that issue of law is a failure "to comply with [the] requirements of law." ORS 138.222(4)(a).

[4] ORS 164.405(1) provides, in pertinent part:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 [attempting to commit theft by use or threats of physical force] and the person:

to mandatory minimum sentencing under ORS 137.700. Defendant's plea petition provided that the state would recommend a 70-month sentence pursuant to ORS 137.700 but that defendant was free to argue for a downward departure sentence under ORS 137.712. That statute provides, in pertinent part:

"(1)(a) Notwithstanding ORS 137.700 ***, when a person is convicted of *** robbery in the second degree as defined in ORS 164.405, the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 *** if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence.

"* * * * *

"(2) A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:

"* * * * *

"(d) If the conviction is for robbery in the second degree:

"(A) That the victim did not suffer a significant physical injury;

"(B) That, if the defendant represented by words or conduct that the defendant was armed with a dangerous weapon, the representation did not reasonably put the victim in fear of imminent significant physical injury;

"(C) That, if the defendant represented by words or conduct that the defendant was armed with a deadly weapon, the representation did not reasonably put the victim in fear of imminent physical injury; and

"(D) That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."

ORS 137.712.

---

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon[.]"

Thus, when determining whether to impose a downward departure sentence under ORS 137.712 for second-degree robbery, a sentencing court first considers whether a defendant has met his or her burden to prove the three relevant ORS 137.712(2)(d) factors: subparagraphs (A), (D), and either (B) or (C). If a defendant meets that burden, the court then considers, under ORS 137.712(1), whether there is a substantial and compelling reason for a downward durational departure from the ORS 137.700 sentence.

At the sentencing hearing, defendant argued that she was eligible for an "escape hatch" sentence under ORS 137.712(1)—specifically, 37 to 38 months' incarceration as calculated under the sentencing guidelines grid. The parties did not dispute that defendant was eligible under factors (A) and (D) because the teller did not suffer any injuries and defendant had no qualifying convictions under subsection (4). The parties agreed that defendant was armed with a "dangerous weapon" under the statute. The issues, then, were whether defendant's conduct in using that dangerous weapon "reasonably put the victim in fear of imminent significant physical injury" within the meaning of ORS 137.712(2)(d)(B) and whether a substantial and compelling reason justified the lesser sentence under ORS 137.712(1)(a).

Defendant argued that she qualified under ORS 137.712(2)(d)(B) because the teller's fear was not objectively reasonable. Defendant claimed that there was "a question of whether or not the [teller] was in reasonable fear from the offense." According to defendant, a bank setting is a "safer setting * * * in terms of the * * * reasonable fear of harm and the likelihood of harm actually occurring[,]" because bank tellers are trained "to not engage, to comply, immediately to call law enforcement, * * * [and] not necessarily to engage in self-help physical interaction with a—with a would-be robber." She further argued that "there was not an affirmative fear of imminent significant physical injury" because it would not have been "easy" for defendant to walk closer to the teller or vault over the counter to further the attack, and there was no suggestion that defendant knew how to throw a knife. Apparently addressing the substantial and compelling reasons to depart, defendant also asserted that this was

a "less serious robbery" in part because defendant suffered from anxiety and had no prior criminal history except for a previous attempt to rob a bank without a weapon.[5]

The state responded that defendant should be sentenced to the mandatory minimum sentence under ORS 137.700. It argued that the teller felt scared during the whole incident, that the incident was traumatic, and that the teller, in her victim statement, said that she now felt "nervous to be alone, more cautious, * * * [and] a little on edge." Addressing the reasons not to depart, the state contended that defendant's behavior was escalating; she had previously made an unsuccessful attempt to rob a bank, had been convicted for attempted first-degree theft, "and now here she is back, same behavior and now we've got a weapon." The state asserted that the escalation in violence was an important factor for the court to consider when gauging the potential threat to the community, particularly in light of evidence that defendant did not appear to understand the seriousness of her actions.

The sentencing court ruled:

"Well, obviously I've listened carefully to what has been presented today and reviewed the statute, the escape hatch statute. And actually I find that this—that this is a close case for the escape hatch.

"However, in this case there are a couple of things that tip my decision to—to go with the 70 months. And I want to explain what those are because I think it's important for everyone to understand that.

---

[5] As noted, ORS 137.712(1) allows a departure from the minimum sentence required by ORS 137.700 "if the court, on the record at sentencing, makes the findings set forth in [ORS 137.712(2)] and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence." The referenced rules include OAR 213-008-0002, a rule of the commission setting out a "nonexclusive list of mitigating and aggravating factors [that] may be considered in determining whether substantial and compelling reasons for a [sentencing] departure exist[.]" Defendant's contentions at the sentencing hearing possibly pertained to three of the listed mitigating factors that could justify imposition of a downward departure sentence: OAR 213-008-0002(1)(a)(C) ("The defendant's mental capacity was diminished * * *."); OAR 213-008-0002(1)(a)(G) ("The degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense."); and OAR 213-008-0002(1)(a)(H) ("The offender's criminal history indicates that the offender lived conviction-free within the community for a significant period of time preceding his or her current crime of conviction.").

"First of all, is the probable cause affidavit in this case wherein sworn statement that it is reported that the victim stated she was afraid for her life. So, that tells me the—the circumstances and the seriousness in which the victim took this action. So, that—that really takes you out of the escape hatch when the victim makes that statement.

"And the other thing is the victim impact statement does—does make note that the defendant has done this before and that is of concern [to] the Court, although I do understand the charging decisions and how that was Attempted Theft in the First Degree. Nonetheless, the circumstances were going into a bank and trying to get something that—that you weren't entitled to.

"So, I—I have—I have some very deep concerns for you, [defendant,] that you—that you might try this again. And when you take a knife into a bank the chances of somebody getting killed or hurt are extremely high, and that includes you. Because if there had been someone else at that bank who might have taken action against you[,] you could have easily been hurt or killed, other people in the bank could have been hurt or killed. And so this is—this is extremely serious. And I think that it's important that you take this seriously.

"And, as I said, it's a close call as far as the escape hatch. But, those two factors are the things that put me over to the decision that will—that it needs to be sentenced under [ORS] 137.700."

On appeal, defendant claims that the sentencing court reached a legal conclusion that was not supported by the facts in evidence when it determined that she was ineligible for a downward departure sentence based solely on the teller's subjective fear, rather than additionally determining whether that fear was objectively reasonable. Defendant contends that she proved that the teller's fear was not objectively reasonable because there was only a small chance that the threatened injury could have come to pass. Defendant adds that she has a history of confused thinking, had only one conviction for attempted theft and no history of violence, acted alone, sought only a small amount of money, was not under the influence of drugs, was separated from the teller by a bank counter, was armed with only a pocketknife, and merely shook the knife without thrusting it or lunging at the

teller. She further notes that the robbery took place unobtrusively enough that other bank employees were unaware that it had occurred.

The state responds that defendant's claim of error is untenable. It notes that defendant does not dispute that she robbed the bank teller by demanding money, extending her arm across the counter, waving an open pocketknife, and yelling, "Give it to me now!" According to the state, there is likewise no dispute that the teller reported to a police officer that she was "afraid for her life" and that she later stated in her victim-impact statement that the incident was traumatic and scary. Therefore, the state argues that the sentencing court accepted the teller's statements and, on that basis, found that she was "put * * * in fear of imminent significant physical injury" by defendant's conduct, within the meaning of ORS 137.712(2)(d)(B).

We conclude that the sentencing court erred in its interpretation and application of ORS 137.712(2)(d)(B), and thus did not comply with the "requirements of law in * * * failing to impose" the departure sentence. ORS 138.222(4)(a). Again, in order to justify the imposition of a downward departure sentence, ORS 137.712(2)(d)(B) required defendant to prove that her "representation [of being armed with a dangerous weapon] did not reasonably put the victim in fear of imminent significant physical injury[.]" "Reasonably" modifies the effect of being "put * * * in fear." Thus, the plain wording of the statute required evidence that (1) the victim was not put in fear of imminent significant physical injury or (2) if the victim was put in fear, that that effect was not reasonable—that is, that it would not be a fear that would be felt by a reasonable person under the circumstances. Here, the victim was put in fear, and defendant correctly asserts that the issue then became whether that fear was reasonable under the circumstances.

The sentencing court concluded that it did not need to determine whether the teller's fear was reasonable, because "when the victim makes [the] statement [that 'she was afraid for her life']," that "really takes you out of the escape hatch[.]" In other words, the court concluded that proof of the victim's subjective fear was sufficient to preclude

a finding in favor of defendant under ORS 137.712(2)(d)(B). That interpretation and application of the statute were legally erroneous.

The error, however, was harmless. As noted, when considering whether to impose a downward departure sentence under ORS 137.712, a court undertakes a two-step analysis. If a defendant meets the requirements of the first step—proving facts sufficient to allow favorable findings under ORS 137.712(2)—and a court erroneously determines that the defendant does not meet those requirements without considering the second step—determining whether there is a "substantial and compelling reason" to justify a lesser sentence—the case must be remanded for the sentencing court to conduct a complete analysis. *See Arnold*, 214 Or App at 215 (remanding for the sentencing court to decide whether there was a substantial and compelling reason to justify a downward departure sentence). Here, however, the sentencing court did not fail to consider whether there was a substantial and compelling reason to justify a downward departure sentence.

In its oral ruling, the court stated two separate reasons why a downward departure sentence was not appropriate ("there are a couple of things that tip my decision"). First, the court concluded that defendant had not proven the facts required by ORS 137.712(2)(d)(B) and "that really takes you out of the escape hatch[.]" The court then noted a number of "concerns" that also justified a failure to depart from the sentence required by ORS 137.700, and that "those two factors are the things that put me over to the decision *** that it needs to be sentenced under [ORS] 137.700."

Those stated concerns pertained to the court's determination of whether a substantial and compelling reason justified a downward departure sentence. The court concluded that defendant's conduct was "extremely serious" because both defendant and "people in the bank could have been hurt or killed[,]" particularly "if there had been someone else at that bank who might have taken action against [defendant]." It further noted that defendant had "done this before" and expressed its "very deep concerns" that defendant "might try this again." Those findings discounted

defendant's argument that substantial and compelling reasons existed under OAR 213-008-0002(1)(a)(G) ("The degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense.") and OAR 213-008-0002(1)(a)(H) ("The offender's criminal history indicates that the offender lived conviction-free within the community for a significant period of time preceding his or her current crime of conviction."). The findings support a conclusion that substantial and compelling reasons exist to not mitigate the sentence under OAR 213-008-0002(1)(b)(C) ("[T]hreat of or actual violence toward a witness or victim[.]") and OAR 213-008-0002(1)(D) ("[P]ersistent involvement in similar offenses[.]"). Therefore, we conclude that the sentencing court decided not to depart for a separate and independent reason that is not disputed on appeal, so that any alleged error in the application of ORS 137.712(2)(d)(B) was harmless.

Affirmed.