No. 228 April 10, 2024 811

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
DARRELL JOHNSON, SR.,
*Defendant-Appellant.*
Marion County Circuit Court
19CR40752; A179592

Sean E. Armstrong, Judge.

Submitted February 7, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree robbery, ORS 164.405 (Count 1), and first-degree aggravated theft, ORS 164.057 (Count 2), for aiding and abetting a robbery and theft at a jewelry store in Woodburn. In his first two assignments of error, defendant challenges the denial of his motions for judgment of acquittal on both crimes. In his third assignment, defendant challenges his sentence. For the reasons explained below, we affirm the convictions but remand for resentencing.

*Motion for judgment of acquittal:* Defendant argues that the trial court erred in denying his motions for judgment of acquittal on second-degree robbery and first-degree aggravated theft. Second-degree robbery occurs when a person commits third-degree robbery and "[r]epresents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon[.]" ORS 164.405(1)(a). First-degree aggravated theft occurs when a person commits first-degree theft and the value of the property taken is $10,000 or more. ORS 164.057(1)(b). A person is criminally liable for another's conduct if the person, with intent to promote or facilitate the crime, "[a]ids or abets *** such other person in planning or committing the crime[.]" ORS 161.155(2)(b). Defendant here argues that the state failed to present evidence that defendant was present inside the store at the time of the theft and robbery.

On review of the denial of a motion for a judgment of acquittal, we examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We describe the evidence consistently with that standard, in light of the elements of the two crimes.

In July 2016, three men robbed a jewelry store in Woodburn. One of them brandished a gun and told the store manager to "Open the motherfucking cases." The store manager testified at defendant's trial that, if defendant had

sunglasses on, then his lower profile "could match" one of the men in the store with whom the manager spoke. A detective with the Woodburn Police Department reviewed and compared surveillance videos from the store with photographs of defendant obtained from Facebook. The detective identified defendant as the person in a video wearing a backpack and a hat. He testified that, in his opinion, defendant was one of the three men present in the store based on similarities in height, body shape, build, and based on defendant's narrow or sloping shoulders, his shaved or bald head, and his mustache.

The state also presented evidence on defendant's cell phone data. Defendant had a cell phone number with an area code for Fresno, California, where he lived. Records from that cell phone number indicated that, on the day before the robbery, someone traveled with the cell phone from Fresno to Portland, and then to an area close to the jewelry store in Woodburn. On the day of the robbery, someone used the cell phone in the "cell site that would provide coverage to the" jewelry store. After the robbery, someone traveled with the cell phone back to Fresno. The day after the robbery, defendant sent a Facebook message asking, "You need a watch?"

On appeal, defendant contends that the identification evidence was unreliable and that the cell phone evidence did not establish defendant's presence inside the store. But viewing the evidence in a light most favorable to the state, a factfinder could reasonably infer that defendant was present and that he aided and abetted the robbery and theft. We acknowledge that some of the evidence was circumstantial, including the cell phone data. But "the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence." *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004). "[T]he established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide." *Id.* at 467. Because the evidence supported a reasonable inference that defendant was present in the store and assisted in the robbery and theft, we reject defendant's first two assignments of error.

*Sentencing:* In his third assignment of error, defendant argues that the trial court erred in imposing the sentence of 70 months in prison for second-degree robbery. "We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Brewer*, 260 Or App 607, 618, 320 P3d 620, *rev den*, 355 Or 380 (2014) (internal quotation marks omitted).

For his conviction for second-degree robbery, defendant was subject to a mandatory-minimum sentence of 70 months. ORS 137.700(2)(a)(S). The state requested that sentence on Count 1, pointing out that defendant had a long criminal history, that he was currently serving time in federal prison, and that his Oregon sentence should be consecutive to that sentence. Defendant argued that the trial court had discretion to impose a lesser sentence under ORS 137.712. That statute provides, in relevant part:

"(1)(a)  Notwithstanding ORS 137.700 \*\*\*, when a person is convicted of \*\*\* robbery in the second degree as defined in ORS 164.405, the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 \*\*\* if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence. \*\*\*

"\*\*\*\*\*

"(2)  A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:

"\*\*\*\*\*

"(d)  If the conviction is for robbery in the second degree:

"(A)  That the victim did not suffer a significant physical injury;

"(B)  That, if the defendant represented by words or conduct that the defendant was armed with a dangerous

weapon, the representation did not reasonably put the victim in fear of imminent significant physical injury;

"(C)   That, if the defendant represented by words or conduct that the defendant was armed with a deadly weapon, the representation did not reasonably put the victim in fear of imminent physical injury; and

"(D)   That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."

ORS 137.712.

Defendant argued that he did not have disqualifying convictions, and there were no injuries during the robbery. Accordingly, defendant argued that he was eligible for a lesser sentence under ORS 137.712, and he asked the court to exercise its discretion to depart from the otherwise applicable sentence. He also argued that the "start date" for his Oregon sentence should be January 6, 2020, which was when Oregon issued a detainer on defendant (who was then serving time in California).

The trial court determined that it would provide defendant with "credit for time served" beginning on January 6, 2020. That provision is included in defendant's judgment of conviction. Thinking that it had effectively shortened defendant's sentence by providing for the January 6, 2020, start date, the trial court then ruled that it was "not going to deviate from the Ballot Measure 11 sentence" by departing under ORS 137.712. However, as the court and parties later discovered, the Department of Corrections will not credit defendant with that time served.[1]

On appeal, defendant argues that the trial court denied his request for a lesser sentence under ORS 137.712 believing, incorrectly, as it turned out, that it had reduced defendant's sentence by providing him with credit for time served.[2] We agree that the court did so. As a result, the

---

[1] After learning that DOC would not credit defendant, defendant filed a motion to modify the judgment and asked the court to apply ORS 137.712. The court denied the motion on the ground that the sentence had been executed and thus it lacked authority to modify it.

[2] The state argues that defendant failed to preserve that argument because "defendant did not ask the court to make express findings on the factors listed in ORS 137.712(2)(d)." We reject the state's lack of preservation argument.

court did not make findings regarding the factors in ORS 137.712 or decide whether substantial and compelling reasons existed to depart. *Brewer*, 260 Or App at 620 (describing process for imposing a departure sentence under ORS 137.712). We therefore remand to the trial court to determine whether to impose a sentence under ORS 137.712.

Remanded for resentencing; otherwise affirmed.

---

Defendant sought a lesser sentence under ORS 137.712, and, when the trial court ruled against him, he was not required to renew his contentions to preserve them for appeal. *State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011).