Argued and submitted June 11, appeal dismissed August 18, reconsideration denied September 18, petition for review allowed September 30, 1980

MANGUS et ux,
*Respondents,*
*v.*
PROGRESS QUARRIES, INC.
*Appellant.*
(No. 38-800,
CA 14925)
615 P2d 1107

William H. Stockton, Hillsboro, argued the cause and filed the briefs for appellant.

Bert E. Joachims, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant, which was found by the jury to be 55 percent negligent in this action for property damages, appeals from the trial court's granting of a new trial based on an invalid verdict and from the trial court's denial of its motion to limit the new trial to the question of liability. Plaintiffs have countered with a request that the appeal be dismissed for want of jurisdiction and failure to comply with a rule of this court. We dismiss the appeal for lack of jurisdiction.

Trial in this action was held on April 26, 1979. On June 11, 1979 the trial court granted plaintiff's motion for a new trial based on an invalid jury verdict. On July 9, 1979, defendant filed notice of appeal from the granting of the new trial and the denial of a motion to limit the scope of the new trial. In preparing the notice of appeal, defendant's attorney—who claimed to have presented a judgment order to the trial court on May 6, 1980—became aware that the judgment order could not be found in the court files and presented a new order to the trial court for signature. The trial court signed the judgment order on July 12, 1979, nunc pro tunc May 7, 1980.

ORS 19.010(2) provides in relevant part:
"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
"* * * * *
"(d) An order setting aside a judgment and granting a new trial.
"* * * * *."

The Supreme Court and Court of Appeals, Rules of Appellate Procedure, Rule 2.10 provides in relevant part:
"The Notice of Appeal, as filed and served, shall be accompanied by a copy of the judgment, decree or order appealed from, showing the date of entry in the trial court.
"* * * * *."

Plaintiffs argue that the trial court file fails to reveal a judgment. The nunc pro tunc judgment order is in fact included in the trial court file. Plaintiffs' argument is apparently based upon the fact that the judgment order had not yet been signed on the date when notice of appeal was filed.

■■ The notice of appeal was filed before the entry of the judgment order and was therefore premature. *Ragnone v. Portland School District,* 289 Or 339, 613 P2d 1052 (1980). The prematureness of the notice of appeal could not be cured by the filing of a nunc pro tunc judgment order because "if the party attempting to appeal does not file a new notice of appeal when the impediment to ripeness is removed, the appellate court lacks jurisdiction." *Johnson v. Assured Employment,* 227 Or 11, 558 P2d 1228 (1977).

Appeal dismissed.