Argued and submitted November 4, 1980, affirmed January 20, 1981

MANGUS et ux,
*Respondents,*
*v.*
PROGRESS QUARRIES, INC.,
*Appellant.*

(No. 30-800, CA 14925, SC 27281)

622 P2d 319

William H. Stockton, Hillsboro, argued the cause and filed briefs for appellant.

Bert E. Joachims, Portland, argued the cause and filed the brief for respondents.

Before Tongue, Presiding Justice, and Howell,** Lent, Linde, Peterson, and Tanzer, Justices.

TANZER, J.

**Howell, J., retired November 30, 1980.

**TANZER, J.**

This is a review of the dismissal of defendant's appeal by the Court of Appeals for absence of an appealable order.

Trial resulted in a jury verdict of April 26, 1979, for plaintiffs. No judgment was rendered on the verdict. On May 3 plaintiffs moved for a new trial. On June 11 the trial court issued an order setting aside the verdict and allowing a new trial based on an invalid verdict. On July 9 defendant filed a notice of appeal from the order granting a new trial. On July 12 the trial court signed a judgment *nunc pro tunc* May 7, 1979. The Court of Appeals dismissed the appeal for lack of jurisdiction, 47 Or App 933, 615 P2d 1107 (1980), and we accepted review.

ORS 19.010(2) provides:

"(2) ·For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *.

"(d) An order setting aside a judgment and granting a new trial."

The issue is whether the order of June 11, 1979, granting a new trial is appealable although it does not set aside a judgment, there being no judgment at the time to be set aside. If not, the next issue is whether the July 12 judgment *nunc pro tunc* cured the deficiency. We hold that the new trial order does not come within the relevant statutory definition of an appealable order and that the July 12 *nunc pro tunc* judgment did not operate to make the non-appealable order appealable.

The right of appeal in Oregon is statutory. *J. Greg-cin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979); *Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978); *Smallwood v. Erlandson,* 281 Or 699, 576 P2d 374 (1978); *Andrysek v. Andrysek,* 280 Or 61, 569 P2d 615 (1977); *Lulay v. Earle, Wolfer,* 278 Or 511, 564 P2d 1045 (1977). Because appeals are not allowed as a matter of right but only to the extent provided by statute and because courts may not create their own jurisdiction, the statute must be strictly applied.[1]

---

[1] *Logsdon v. State and Dell,* 234 Or 66, 380 P2d 111 (1963); *McEwen et ux v. McEwen, et al,* 203 Or 460, 280 P2d 402 (1955); *Inland Nav. Co. v. Chambers, et al,* 202 Or 339, 274 P2d 104 (1954); *Ewen v. Smith,* 156 Or 669, 69 P2d 523 (1937); *Keeley v. Keeley,* 97 Or 596, 192 P 490 (1920).

The history of ORS 19.010(2)(d) demonstrates that the requirement that the order set aside a judgment to be appealable was a deliberate legislative choice. The initial version of ORS 19.010(2)(d) was enacted in 1907. The legislature amended the trial procedures statutes to give trial courts power that had not theretofore existed to set aside judgments which had already been entered and to order new trials under certain conditions. Simultaneously, it provided for appeals of such orders.[2] Thus, the reference to the setting aside of judgments in the appeal statute was no mere vestigial formality or surplusage. The legislature, by deliberate description, created a new judicial act and a means to obtain review of it.

When the constitutionality of the amendment to the appeals statute was challenged, this court upheld the provision on the grounds that it was the legislature's prerogative to prescribe what constituted final decisions for review under the Oregon Constitution, Article VII (Original), § 6, giving the Supreme Court jurisdiction to review "final decisions." *Blumauer-Frank D. Co. v. H. F. R. of Oregon,* 59 Or 58, 112 P 1084 (1911). Because the legislature apparently concluded that only an order which both sets aside a judgment and grants a new trial is of sufficient magnitude and finality to be deemed an appealable order, we will apply the statute literally. Thus, we hold that the new trial order of June 11, 1979, which granted a new trial but did not set aside an intervening judgment is not an appealable order under ORS 19.010(2)(d).

The entry of a judgment thereafter, if otherwise valid,[3] did not validate the premature notice of appeal. *Johnson v. Assured Employment,* 277 Or 11, 558 P2d 1228 (1977). Nor did the judgment, by virtue of being nunc pro tunc May 7, 1979, have the effect of amending the new trial order to impliedly set aside the new judgment, thus validating the notice of appeal.

---

[2] The trial procedures statute, Bellinger's and Cotton's Annotated Codes and Statutes, § 174, was amended by Act of February 25, 1907, ch 162, § 2, 1907 Or Laws 312. The appeals statute, Bellinger's and Cotton's Annotated Codes and Statutes, § 547, was amended by Act of February 25, 1907, ch 162, § 6, 1907 Or Laws 313.

[3] We express no opinion as to the validity of the *nunc pro tunc* judgment of July 12, 1979, for no appeal has been taken from that.

Because the order granting a new trial is not an appealable order pursuant to ORS 19.010(2)(d), we affirm the dismissal of defendant's appeal.

Affirmed.