Argued and submitted October 31, 1990, affirmed April 17, reconsideration denied
July 24, petition for review allowed August 20, 1991 (312 Or 80)

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID DEAN SULLENS,
*Appellant.*

(89-CR-0005-TM; CA A62348)

809 P2d 700

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith W. Wingfield, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions, after trial, for burglary in the first degree and theft in the first degree. ORS 164.225; ORS 164.055. He seeks review of the trial court's order denying his motion for a new trial on the basis of newly discovered evidence. We have jurisdiction of defendant's appeal under ORS 138.053(1)(a) but do not have authority to review the issue he raises. We therefore affirm.

Defendant makes only one assignment of error: The trial court abused its discretion in denying his motion for a new trial on the basis of newly discovered evidence. The state argues that we do not have authority to review that denial, because it was filed after judgment was entered.

■■ There is no common law appellate jurisdiction in Oregon. *Ragnone v. Portland School District No. 1J,* 289 Or 339, 341, 613 P2d 1052 (1980). Appeals are allowed only when provided by statute, and the statutes must be strictly applied. *Mangus v. Progress Quarries,* 290 Or 377, 379, 622 P2d 319 (1981). ORS 138.053 lists the types of judgments and orders that may be appealed in a criminal case:

"(1) This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"(a) Imposes a sentence on conviction.

"(b) Suspends imposition or execution of sentence.

"(c) Places a defendant on probation.

"(d) Extends a period of probation.

"(e) Imposes or modifies a condition of probation or of sentence suspension.

"(f) Imposes or executes a sentence upon revocation of probation or sentence suspension."[1]

---

[1] ORS 138.053 specifically limits the type of post-judgment orders that may be appealed and that are subject to the limitations on review in ORS 138.040(1).

ORS 138.040 provides, in relevant part:

"Except as provided under ORS 138.050, the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). The following apply upon such appeal or cross-appeal:

"(1)    The appellate court may review:

"(a)    Any decision of the court in an intermediate order or proceeding.

"(b)    Any disposition described under ORS 138.053 as to whether it:

"(A)    Exceeds the maximum allowable by law; or

"(B)    Is unconstitutionally cruel and unusual."

There is nothing in ORS 138.040 that authorizes this court to review the post-judgment order denying defendant's motion for new trial.[2] A post-judgment order cannot be construed as an intermediate order. *See State v. Montgomery,* 294 Or 417, 657 P2d 668 (1983). Although we have reviewed orders denying post-judgment motions for new trial on the basis of newly discovered evidence, in none of those cases was the defendant's right to review of the order challenged.

We conclude that the state is correct. ORS 138.040 does not provide for review of the order to which defendant assigns error. No other statute providing review of the issue has been brought to our attention, and we have found none. Accordingly, we affirm the judgment, because the only issue raised is not reviewable.

Affirmed.

---

[2] ORS 136.535(1) allows a defendant to file a motion for a new trial up to five days after judgment has been entered, and ORS 138.071(2) delays the effective date of the judgment for purposes of appeal while the motion for new trial is pending. Those statutes do not expressly or by implication authorize review of post-judgment orders denying a motion for a new trial. The purpose of ORS 138.071(2) is to allow the trial court an opportunity to rule on the motion without losing jurisdiction by the filing of a notice of appeal.