Argued and submitted August 14, affirmed November 13, 1991

STATE OF OREGON,
*Respondent,*

*v.*

RODNEY FRANCIS WRIGHT,
*Appellant.*

(C8911-36121; CA A65795)

820 P2d 824

Robert L. Kirkman, Judge, pro tempore.

Gary K. Kahn, Portland, argued the cause for appellant. With him on the brief was Reeves, Kahn & Eder, Portland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted on stipulated facts on 2 counts of sexual abuse in the first degree, ORS 163.425, 7 counts of sexual abuse in the second degree, ORS 163.415, and one count of public indecency. ORS 163.465. Four of the 5 assignments of error were not preserved for review, and we will not consider them.

Defendant assigns error to the trial court's denial of his motion to withdraw stipulated facts. The state argues that defendant was not entitled to make that motion after his conviction and that, if the denial of this motion is reviewable at all,[1] it should be viewed as a motion for a new trial. The trial judge treated the motion as one to withdraw a guilty plea.[2] Defendant asserts that, by denying his motion, the court effectively denied him his constitutional right to a trial. He argued that he "didn't understand the risks involved" when he stipulated and that he had not been "fully aware of what was going on [and] didn't understand the consequences of that result."

■  Because one purpose of stipulating to the facts, rather than simply pleading guilty, is to preserve issues for appeal, we do not consider defendant's motion to be the same as a motion to withdraw a guilty plea. Nevertheless, the due process issues are similar, and we hold that the test that a trial court must apply to determine whether to grant a motion to withdraw stipulated facts is the same as for deciding whether to grant a motion to withdraw a guilty plea.

■  Before defendant stipulated, the trial judge had explained to him the consequences of stipulating. He fully explained a stipulated facts trial, described in detail the rights that defendant would be waiving and informed him of the presumptive and maximum sentences for the various crimes charged in the indictment and the aggregate possible punishment. Defendant said that he understood each of those

---

[1] We can review this motion made after verdict but *before* judgment. *State v. Sullens,* 106 Or App 590, 809 P2d 700, *rev allowed* 312 Or 80 (1991), refused to review a ruling on a motion for new trial made *after* judgment.

[2] If the motion were the equivalent of a motion to withdraw a guilty plea after judgment, we could not review it. ORS 138.050; *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984).

things. The record shows that he knowingly and intelligently consented to be tried on stipulated facts. The court did not abuse its discretion.

Affirmed.