Argued and submitted April 1, 1991, conviction affirmed; remanded for resentencing
February 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## CELSO LARIOS TEJEDA,
*Appellant.*

(89-CR-0786; CA A63949)

826 P2d 25

Beecher C. Ellison, Grants Pass, argued the cause for appellant. With him on the brief was Kengla, Sybrant, Browne & Ellison, Grants Pass.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**RICHARDSON, P. J.**

Defendant appeals his conviction for possession of cocaine. ORS 475.992(4). He makes three assignments of error. We affirm the conviction and remand for resentencing.

■ A deputy sheriff searched defendant's home, pursuant to a search warrant, and seized slightly more than one ounce of cocaine and $2,350. Defendant's first assignment is:

> "The trial court erred in admitting testimony and allowing argument to the effect that defendant has possessed cocaine in the past, that he had sold cocaine, that the amount of cocaine found in defendant's residence was a larger amount than that used for individual doses, and other testimony and argument tending to show that defendant had a bad character."

He does not further identify any motions and objections or any rulings that he contests. We decline to search the record to discover the source of his complaints. ORAP 5.45.

■ In his second assignment, defendant contends that the court erred by denying his motion for a new trial. After the jury verdict, defendant was sentenced and judgment was entered. He moved for a new trial 16 days after that. He then filed his notice of appeal, and the court did not rule on the motion. The state contends that the motion was untimely, because ORS 136.535 says that it "shall" be filed within 5 days after filing of the judgment. We need not address that issue or the merits of the motion. Denial of a post-judgment motion for new trial in a criminal case is not reviewable. *State v. Sullens,* 106 Or App 590, 809 P2d 700, *rev allowed* 312 Or 80 (1991).

In his last assignment, defendant challenges a condition of probation that he submit to searches by a probation officer. The state concedes that the court erred in authorizing the searches without including a requirement that they be based on reasonable grounds to believe that a search would disclose evidence of a probation violation. ORS 137.540(2)(m). We accept the concession.

Conviction affirmed; remanded for resentencing.