Submitted on remand from the Oregon Supreme Court December 2, 1992, affirmed
May 12, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID DEAN SULLENS,
*Appellant.*

(89-CR-0005-TM; CA A62348)

852 P2d 270

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith W. Wingfield, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

This criminal case was remanded from the Supreme Court for us to review defendant's assignment of error that we did not reach in our previous opinion. *State v. Sullens*, 106 Or App 590, 809 P2d 700 (1991). In that decision, we held that we did not have the statutory authority to review a post-judgment order denying a motion for new trial. The Supreme Court reversed, holding that a motion for new trial, based on newly discovered evidence, is reviewable under ORS 138.040. 314 Or 436, 839 P2d 708 (1992). We now address defendant's assignment of error, and affirm.

In August, 1988, the residence of defendant's aunt was broken into and several items were taken from her safe. The kitchen window, which had been cracked and opened, was removed by the police for fingerprint analysis. In December of the same year, defendant was arrested in Missouri on another charge. He confessed that he and Billy Seibert had burglarized his aunt's home in Oregon. Defendant was convicted of burglary in the first degree and theft in the first degree.

After trial, defendant's attorney discovered that the prints that the police had lifted from the window did not match defendant's prints. Defendant timely moved for a new trial on the basis of newly discovered evidence. However, because a hearing was not conducted within the 20-day period prescribed by ORS 136.535(3), the motion was conclusively deemed denied. ORS 136.535(3).[1]

Defendant argues that the fingerprint analysis conducted on the window constitutes newly discovered, exculpatory evidence that warrants a new trial. Motions for new trial on the basis of newly discovered evidence are not favored. *State v. Disorbo*, 54 Or App 877, 882, 636 P2d 986 (1981). To justify a new trial, newly discovered evidence must

"(1) be such as will probably change the result if a new trial is granted; (2) have been discovered since the trial; (3) be such as could not have been discovered before the trial by the exercise of due diligence; (4) be material to the issue; (5) not be merely cumulative of former evidence; and (6) not be

_____

[1] Because no hearing was held, we address the merits of defendant's motion on the basis of the affidavits and memoranda that were submitted with the motion.

merely impeaching or contradictory of former evidence." 54 Or App at 882.

■   The fingerprint evidence does not meet this test. The evidence existed and was discoverable before trial had defendant exercised due diligence. Before trial, both defendant and his attorney knew that the police had taken the window from the crime scene and that the window was being processed for latent prints. Despite this knowledge, defendant did not follow up on the status or results of the tests until after trial. Moreover, it is unlikely that the fingerprint evidence would have changed the outcome of the trial. Defendant had confessed orally and in writing that he committed the burglary with his cousin, Seibert. Another cousin testified that defendant and Seibert had admitted to the burglary and had given him some of the stolen property, which police later recovered. A new trial is not warranted.

Affirmed.