Argued and submitted March 18, appeal dismissed December 24, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEAGAN EMIL BIGSBY,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF120032; A151785

342 P3d 93

George W. Kelly argued the cause and filed the brief for appellant.

Michael A. Casper, Deputy Solicitor General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment of conviction for strangulation constituting domestic violence. ORS 163.187; ORS 132.586. Defendant assigns error to the trial court's determination that the stipulated facts, recounted in his petition for entry of a guilty plea, were sufficient for the court to find that the act constituted domestic violence. The state contends, among other things, that the judgment is not appealable under ORS 138.050(1). After review of an unusual process, we conclude that the judgment is not appealable on the grounds that defendant raises.

On January 26, 2012, defendant was indicted on two counts: felony fourth-degree assault, ORS 163.160(3), and felony strangulation, ORS 163.187(4).[1] As to the second count, the indictment charged that defendant "did unlawfully and knowingly impede the normal breathing and blood circulation of [defendant's wife] by applying pressure on the neck and throat[.]" The indictment added, as an element of the crime pursuant to ORS 132.586, that the act constituted domestic violence as defined by ORS 135.230.[2]

On April 16, 2012, the parties negotiated a guilty plea on a lesser charge of misdemeanor strangulation constituting domestic violence.[3] At least on paper, it appeared to be a complete agreement. Defendant agreed to plead guilty to the second count, strangulation constituting domestic

---

[1] ORS 163.187 provides, in relevant part:

"(1) A person commits the crime of strangulation if the person knowingly impedes the normal breathing or circulation of the blood of another person by:

"(a) Applying pressure on the throat or neck of the other person[.]"

[2] ORS 132.586 provides:

"(1) As used in this section, 'domestic violence' has the meaning given to that term in ORS 135.230.

"(2) When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime."

In turn, ORS 135.230(3) defines "domestic violence" as "abuse between family or household members," and ORS 135.230(1)(a) defines "abuse" as "attempting to cause or intentionally, knowingly or recklessly causing physical injury[.]"

[3] The difference between the felony and the misdemeanor was that the state no longer alleged that the offense was committed in the presence of a minor.

violence, but with the indictment modified to charge the offense as a Class A misdemeanor. The state dismissed the assault count. On a multi-purpose printed form, entitled "Petition to Plead Guilty / No Contest / Conditional Guilty Plea," defendant indicated:

"8.   I want to plead: X Guilty

Count 2: misdemeanor*Strangulation* * * * X Misdemeanor"

Later, the form specified the acts involved with a description:

"17.   X I PLEAD 'GUILTY' because in *Umatilla* County, Oregon, I did the following:

*"I grabbed my wife by the throat causing her normal breathing to be impeded - On 1-25-12*

*"The victim is my spouse."*

(Handwriting in italics.) Defendant left the box blank at paragraph 19 that would have indicated that he entered a conditional plea pursuant to ORS 135.335(3). Immediately below, the form recited:

"20.   **APPEAL RIGHTS** Unless this is a conditional plea, I understand the right to appeal my conviction is limited and that I may appeal only if I can make a colorable showing that the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual."

(Boldface in original.) Defendant signed the form on April 16, 2012. In a proceeding to accept the plea, the trial court verified that defendant's guilty plea was entered voluntarily, intelligently, and knowingly. The court specifically asked defendant, "Do you understand that if you plead guilty and give up your right to trial, the only thing left for me to do will be to sentence you?" Defendant responded that he understood. The court accepted defendant's plea and set the matter for sentencing at a later date.

On May 4, 2012, the parties appeared for the sentencing hearing. Defense counsel alerted the court that, in truth, the parties disagreed whether the basis for defendant's plea had established "constituting domestic violence" for the purposes of defendant's strangulation conviction. A predictable colloquy ensued:

"COURT: The modification of the indictment left intact the state's allegation that the offense was one of domestic violence, so the court accepted the plea petition on April 16th for misdemeanor strangulation, I had thought, under those circumstances. So why are we arguing whether or not it is a crime involving domestic violence at this point in time, if the plea was accepted?

"DEFENSE COUNSEL: Your Honor, the statutes contemplate that there are additional consequences, collateral consequences, that result from a crime of domestic violence, and that is why ORS 132.586 talks about when the state believes that a crime involves domestic violence, that it should be pled, and that it has to be proven at trial as an element of the crime. *And what we haven't agreed on is that last element.* We've agreed that [defendant] pled to strangulation—

"COURT: So was this contemplated between the parties when the plea was made?

"DEFENSE COUNSEL: Yes.

"COURT: The domestic violence thing?

"DEFENSE COUNSEL: No. *It was contemplated that the court would decide that issue.*

"STATE: *Essentially, Your Honor, it's a stipulated facts.* [*sic*]

"COURT: Was that * * * what you both had decided at that time, that the court would decide the issue on the domestic violence component?

"DEFENSE COUNSEL: Yes.

"STATE: Yes."

(Emphases added.) The court repeated that, on April 16, 2012, after modification of the indictment, the court had accepted the plea petition. Both parties confirmed that, at that time, they had not agreed on the added element involving domestic violence and still planned to have the court resolve the dispute. The court explained that it would have proceeded differently, in the earlier proceeding, if the court had understood that the parties had not reached agreement on that point. If there had not been complete agreement, the judge explained, "then I would have simply said there was no

meeting of the minds, and I would have set this matter for trial." Nevertheless, the court agreed to reschedule for such a hearing, but added that "the court is reluctant in doing so."

On May 24, 2012, the parties appeared again for sentencing but with the intention to dispute the element involving domestic violence. The prosecutor and defense attorney explained:

> "STATE: *** I guess you could say it's a stipulated facts trial to the court with closing regarding interpretation of the law, and it has to do with whether strangulation falls under the 'constituting domestic violence' statute.
>
> "* * * * *
>
> "DEFENSE COUNSEL: Your Honor, I think it was a guilty plea, not a stipulated facts trial. I'm not sure.
>
> "STATE: Well, I mean, basically it's a guilty plea and the facts have been put into evidence by the guilty plea, and we're arguing how that applies to the law.
>
> "DEFENSE COUNSEL: Right, Your Honor. We wanted the court to decide if the elements of strangulation that [defendant] admitted to in his plea petition constitutes domestic violence or abuse under the statute that we both have briefed for the court. That's the issue."

Treating the remaining issue as one to be resolved in a bench trial, the court elicited from defendant a signed waiver of a jury trial.[4] The parties presented no testimony and simply argued whether the facts admitted in the plea document sufficed to prove the requisites for "constituting domestic violence." Defense counsel argued that the facts were insufficient to prove "abuse" because there was no stipulation as to physical injury. The victim was defendant's spouse. But counsel argued that defendant's act of grabbing his wife by the throat and "causing her normal breathing to be impeded" was insufficient to permit the court to conclude that there was any harm. Unpersuaded, the court ruled that defendant's admitted act qualified as abuse and constituted domestic violence.

---

[4] The trial court instructed defendant that he had "[t]he right to have a jury consider the issue that's now before the court with regard to a finding of whether or not the offense which you've pled guilty to constitutes domestic violence."

The hearing proceeded to sentencing. Defendant was sentenced to 180 days, suspended for bench probation, with special domestic-violence-related conditions and a fine. The court entered a judgment of conviction for strangulation constituting domestic violence. The judgment specified, "Conviction is based upon a plea of Guilty on 04/16/2012." Defendant appealed the judgment of conviction.

Defendant maintains that we have jurisdiction to entertain his appeal pursuant to ORS 138.040, providing a general right of appeal.[5] On the merits, he assigns error to the trial court's determination that defendant's act of strangulation constituted domestic violence. The state responds that we do not have jurisdiction, because defendant entered a guilty plea, and ORS 138.050 precludes appeal from a guilty verdict on these grounds.[6] We are compelled to agree with the state.

"'A party does not have an inherent right to appellate court review; the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision.'" *State v. Cloutier*, 351 Or 68, 74, 261 P3d 1234 (2011); (quoting *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983) (brackets omitted)). To determine if we may address an issue raised on appeal, we must resolve whether there is a statutory right to appeal and whether the statute authorizes or limits appellate review of an issue raised in the appeal. *State v. Brewer*, 260 Or App 607, 609, 320 P3d 620, *rev den*, 355 Or 380 (2014).

Because defendant pleaded guilty to a misdemeanor offense, this appeal is governed by ORS 138.050. *See Cloutier*, 351 Or at 91 (observing that ORS 138.050 applies to appeal

---

[5] In relevant part, ORS 138.040 provides that "the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a circuit court."

[6] In relevant part, ORS 138.050(1) provides, in part:

"[A] defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

and review of sentences for misdemeanor offenses); *State v. Stubbs*, 193 Or App 595, 604, 91 P3d 774 (2004) (ORS 138.050 governs both appealability and reviewability). A defendant who has entered a guilty plea may only appeal a judgment or order described in ORS 138.050(1) (judgments and orders that are subject to appeal) when the defendant "makes a colorable showing that the disposition" "[e]xceeds the maximum allowable by law" or that it "[i]s unconstitutionally cruel and unusual." ORS 138.050(1)(a) - (b); *see also State v. Clevenger*, 297 Or 234, 683 P2d 1360 (1984) (defendant's appeal assigning error to trial court's denial of his motion to withdraw guilty plea not reviewable under ORS 138.050). Likewise, the court's review is limited to "whether the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual." *Brewer*, 260 Or App at 609; ORS 138.050. Thus, "the issues that may be appealed and those that may be reviewed in the appeal are the same." *Id.* In this case, defendant does not contend that his sentence exceeds the maximum allowable by law or that it is unconstitutionally cruel and unusual.

Despite the parties' attempt to treat a portion of the proceeding below as a de facto stipulated-facts trial, the procedure and documents employed were those of a guilty plea.[7] Without notice to the court of any remaining disputed issue, the parties tendered a written guilty plea on April 16. Without qualification, that written plea indicated that defendant pleaded guilty to Count 2, as modified to charge a misdemeanor. Count 2 remained a charge of strangulation, constituting domestic violence. In the form, defendant acknowledged that he forfeited his right of appeal, except on narrow grounds not available here. On that date, the court proceeded to ensure that the plea was voluntary and that defendant understood that only sentencing remained. After all requisite precautions and formalities, the court accepted

---

[7] The Appellate Commissioner previously denied the state's motion to dismiss this appeal. While distinguishing between the crime of strangulation (ORS 163.187(1)) and strangulation involving domestic violence (ORS 163.187(1); ORS 132.586; ORS 135.230), the commissioner reasonably understood that defendant had pleaded guilty to the former crime, not the latter crime, leaving for trial on stipulated facts the disputed issue of domestic violence. Based on our own review of the record, we respectfully disagree with the commissioner's understanding in that regard and reach a different result.

the guilty plea. In the subsequent hearing of May 4, when the disputed issue was disclosed, the court expressed its reluctance to pursue the parties' plan, explaining that, if the lack of agreement had been known, the court would have refused to accept the plea and set the matter for trial. At the insistence of the parties, the court heard argument and concluded that the admitted facts constituted domestic violence. The resulting judgment did not provide that the conviction was based upon the court's conclusions drawn from stipulated facts. Instead, the judgment declared, "Conviction is based upon a plea of Guilty * * *."

Defendant did not enter a conditional plea. Defendant did not withdraw his guilty plea when the court indicated that the lack of agreement on an offense should ordinarily have required a setting for trial. The court indulged the parties in a "stipulated facts trial" on the one element involving domestic violence. Given, however, the court's prior acceptance of an unqualified, written, guilty plea, the failure to withdraw the plea, and the entry of conviction based on the plea, the result is not an appealable judgment of conviction under either ORS 138.040 or ORS 138.050. *See State v. Woodard*, 121 Or App 483, 855 P2d 1139, *rev den*, 318 Or 26 (1993) (after guilty plea, defendant cannot appeal to dispute whether the facts support the conviction); *State v. Wright*, 109 Or App 495, 497, 820 P2d 824 (1991) ("[O]ne purpose of stipulating to the facts, rather than simply pleading guilty, is to preserve issues for appeal[.]"). We lack jurisdiction to entertain defendant's appeal. *See generally Clevenger*, 297 Or at 234 (construing ORS 138.050).

Appeal dismissed.