No. 25          June 24, 2025          773

IN THE SUPREME COURT OF THE
STATE OF OREGON

Denese CROSBIE,
an individual,
and Denese Crosbie RNFA, LLC, an
Oregon limited liability company,
*Respondents on Review,*

*v.*

ASANTE,
an Oregon Corporation,
and Asante Ashland Community Hospital, LLC,
an Oregon limited liability company,
*Petitioners on Review.*

(CC 17CV44213) (CA A182818) (SC S071051)

On review from the Court of Appeals.*

Argued and submitted November 7, 2024.

Sasha A. Petrova, Tonkon Torp LLP, Portland, argued the cause and filed the briefs for petitioners on review. Also on the briefs were Anna Sortun and Megan R. Reuther.

Andrew R. Wilson, Black, Chapman, Petersen & Stevens, Portland, argued the cause and filed the brief for respondents on review. Also on the briefB was Mark Lansing, Law Office of Mark Lansing, P.C., Grants Pass.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, James, and Masih, Justices, and Pagán, Judge, Justice pro tempore.**

MASIH, J.

The orders of the Court of Appeals are affirmed.

---

* Appeal from Jackson County Circuit Court, Timothy Gerking, Senior Judge.

** Bushong, J., did not participate in the consideration or decision of this case.

**MASIH, J.**

This case concerns the Court of Appeals' jurisdiction under ORS 19.205(3) to review a trial court order, issued on remand from the Court of Appeals, that determines the scope of the issues to be tried on remand. As relevant here, in the first trial, three of plaintiff's claims for relief against defendant were submitted to the jury. The jury returned a verdict in plaintiff's favor on one claim and in defendant's favor on the other two claims, and the trial court entered a general judgment reflecting those verdicts. Defendant appealed, and the Court of Appeals reversed and remanded for a new trial. *Crosbie v. Asante*, 322 Or App 250, 519 P3d 551 (2022), *rev den*, 370 Or 827 (2023). On remand, the trial court vacated the judgment and then ordered retrial of all three claims that had gone to the jury, including the claims on which defendant had prevailed in the first trial. Defendant appealed, arguing that ORS 19.205(3) authorized an appeal of that order, but the Appellate Commissioner dismissed the appeal for lack of jurisdiction, and the Court of Appeals denied reconsideration. We allowed defendant's petition for review of the Appellate Commissioner's order dismissing for lack of jurisdiction and the Court of Appeals' order denying reconsideration, and we now affirm those orders.

## BACKGROUND

Plaintiff was a nurse employed by defendant hospital. After defendant fired her, plaintiff sued defendant, alleging that her termination was in retaliation for her complaints about safety issues, including safety violations committed by other nurses.[1] Plaintiff's complaint alleged five claims for relief: (1) whistle-blower retaliation under ORS 659A.199; (2) unlawful retaliation under ORS 659A.030; (3) unlawful employment practice under ORS 654.062 of the Oregon Safe Employment Act (OSEA); (4) common law wrongful discharge; and (5) common law intentional interference with economic relations. Plaintiff voluntarily dismissed the fourth claim (the wrongful discharge claim), and

---

[1] In this case, there are two plaintiffs and two defendants. Denese Crosbie sued in her individual capacity and on behalf of Denese Crosbie RNFA, LLC. She brought the action against Asante and Asante Ashland Community Hospital, LLC. In this opinion, for convenience, we refer to plaintiff and defendant in the singular.

the trial court granted defendant's motion for directed verdict on plaintiff's fifth claim (the claim for intentional interference with economic relations). Thus, only the first three claims—the statutory claims for relief—went to the jury.

The crux of those claims was that protected safety complaints were a "substantial factor" in plaintiff's termination. Plaintiff had requested a "cat's paw" jury instruction that would allow the jury to impute plaintiff's fellow nurses' bias against her to defendant for purposes of determining whether her termination had been unlawful.[2] Defendant objected to the instruction, but the court overruled the objection. The court then instructed the jury that it could impute plaintiff's co-workers' bias to defendant if the jury found that plaintiff's coworkers "influenced, affected or [were] involved in the adverse employment decision" against plaintiff. That instruction was applicable to all three statutory claims against defendant. After the jury instructions were given, the trial court asked the parties for exceptions, and defendant reiterated that the "cat's paw" jury instruction was not appropriate, because, in its view, that instruction applies only when a biased supervisor influenced or was involved in an employment decision and, according to defendant, that circumstance was not supported by the evidence in this case.

The jury returned a split verdict, finding in defendant's favor on the first and second claims (the whistleblower claim under ORS 659A.199 and the claim for unlawful retaliation under ORS 659A.030(1)(f)) and finding for plaintiff on the third claim (the unlawful employment

_____

[2] As the Court of Appeals explained, the term "cat's paw" was "coined by Judge Richard Posner, after an Aesop's fable in which a monkey tricks a cat into removing chestnuts from a fire, then steals the chestnuts and leaves the cat with nothing but burnt paws." *Crosbie*, 322 Or App at 256; *see Shager v. Upjohn Co.*, 913 F2d 398, 405 (7th Cir 1990) (using the phrase "cat's paw" in employment law context). This court joined other courts in recognizing the "cat's paw" theory in *Ossanna v. Nike, Inc.*, 365 Or 196, 209, 445 P3d 281 (2019). This court explained that, "so long as a plaintiff can show that a biased supervisor influenced or was involved in the adverse employment decision, the plaintiff may establish the employer's unlawful bias based on the 'cat's paw' theory," and it noted that to require a "showing that the biased supervisor influenced or was involved in the decision to a prespecified degree * * * would be to remove questions of fact from the jury." *Id.* at 210. This court did not express an opinion in that case as to whether the "cat's paw" theory under Oregon law extended to imputing the bias of other employees to the decision-maker. *Id.* at 209.

practice claim under ORS 654.062 of the OSEA). The trial court accepted the jury's verdict as to Claims 1 through 3 and entered a general judgment against defendant in the amounts awarded by the jury,[3] plus prejudgment and post-judgment interest. In a supplemental judgment, the trial court denied plaintiff's request for attorney fees.

Defendant appealed the general judgment, assigning error to the trial court's decision to give the "cat's paw" instruction; it argued that that instruction misstated the law and was not supported by evidence in the record, and it asked the court to reverse and remand on those bases. Defendant did not specify in its briefing to the Court of Appeals that its appeal concerned only the part of the trial court's judgment addressing the jury's verdict on the third claim, on which plaintiff had prevailed. Plaintiff cross-appealed from the supplemental judgment denying plaintiff attorney fees; she did not cross-appeal from the general judgment with respect to the claims on which defendant had prevailed.

Before the Court of Appeals, defendant argued that the jury instruction incorrectly stated the law because agency principles prevent application of the "cat's paw" theory when the biased actor is the plaintiff's coworker and not the plaintiff's supervisor, insofar as a coworker is not the employer's agent in employment matters. The Court of Appeals rejected that argument, reasoning that the "cat's paw" theory is equally applicable when a biased coworker "actually influenced or was involved in making the adverse employment decision." *Crosbie*, 322 Or App at 262. However, the court determined that the trial court's inclusion of the word "affected" in the jury instruction—permitting the jury to impute plaintiff's coworkers' bias to defendant if it found that plaintiff's coworkers "influenced, *affected* or [were] involved in the employment decision"—without further clarification, was improper. *Id.* at 263 (emphasis added). The court concluded that the trial court erred in so instructing the jury and that the error likely affected the jury's verdict. *Id.* at 263-64. The opinion concluded with the tagline,

---

[3] The jury determined that plaintiff was entitled to recover $300,000 in economic damages and $170,000 in noneconomic damages.

"Reversed and remanded on appeal; cross-appeal dismissed as moot." *Id.* at 265. The Court of Appeals did not specifically limit its decision to the claim on which plaintiff had prevailed at trial, and neither party sought clarification from the Court of Appeals regarding whether its decision applied to some or all of plaintiff's claims.

After the appellate judgment issued and was entered in the trial court register, defendant asked the trial court to "modify the register to reflect that the judgments have been reversed, or in the alternative are no longer 'unsatisfied.'" In response, the trial court vacated the general and supplemental judgments.

During a subsequent status conference, a dispute arose between the parties about which of plaintiff's claims should be retried. The trial court then directed the parties to submit briefing regarding "what claim(s) survive the Court of Appeals remand order." Defendant responded that the court should conduct a new trial only as to the claim under ORS 654.062, on which plaintiff had prevailed at trial. Plaintiff, for her part, argued that the offending jury instruction had applied to all three statutory claims that were submitted to the jury and it could have "affected the verdict in a prejudicial way toward" her because, she contended, the instructional error was a global problem affecting the entire trial. She therefore asked the trial court to conduct a new trial on all three statutory claims—including the two claims on which the jury had issued a verdict in defendant's favor at the first trial.

The trial court issued an order granting a retrial on all three claims, explaining its reasoning as follows:

"After giving the matter considerable thought, and notwithstanding the persuasive arguments presented by Defendant, particularly Plaintiff's failure to cross-appeal the defense verdicts on the [ORS 659A.030] and [ORS 659A.199] claims, the court believes that because the three statutory claims are similar and interrelated and because, technically, the error was committed by the trial judge who sought to craft/modify the cat's paw instruction * * * which could have resulted in jury confusion, the retrial will be on all three (3) claims."

Defendant appealed that order under ORS 19.205(3), which permits appeal from an order "made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial." The Appellate Commissioner determined that the order was not appealable and issued an order dismissing the appeal for lack of jurisdiction. The Appellate Commissioner ruled that the Court of Appeals' decision "negated the appealed judgment" and, therefore, "no general judgment has been entered for purposes of the current notice of appeal." The Appellate Commissioner concluded that defendant must await entry of a judgment and, if defendant ultimately decided to take an appeal from that judgment, it could assign error to the trial court's order determining the scope of the trial on the remand. Defendant then sought reconsideration by the Court of Appeals, which the Court of Appeals denied. This court allowed review to determine whether a trial court order determining the scope of the issues to be retried on remand is an order that is immediately appealable under ORS 19.205(3). We agree with the Court of Appeals that it is not.

## ANALYSIS

Before we begin our analysis, we emphasize that the correctness of the trial court's order in this case is not before us. The only issue that we decide today is whether a trial court order determining the scope of the trial on remand from the Court of Appeals after reversal—whatever that order may provide—is appealable under ORS 19.205(3).

We observe at the outset that a party does not have an inherent right to the procedure of direct appeal. *State v. Cloutier*, 351 Or 68, 74, 261 P3d 1234 (2011). Although judicial power is vested in "one supreme court," Or Const, Art VII (Amended), §1, the right to the procedure of direct appeal is statutory, and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision. *Cloutier*, 351 Or at 74 (so stating).

In this case, defendant relies on ORS 19.205 to establish its right to appeal. That statute provides, in relevant part:

> "(1)   Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. A judgment corrected under ORCP 71 may be appealed only as provided in ORS 18.107 and 18.112.
>
> "* * * * *
>
> "(3)   *An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial*, may be appealed in the same manner as provided in this chapter for judgments."

(Emphasis added.) ORS 19.205(3) makes a trial court order appealable if it meets two criteria: the order must be made "after a general judgment is entered" and it must "affect[] a substantial right." Defendant argues that both criteria are met here. It argues that the trial court's order requiring retrial of plaintiff's three statutory claims is an order that is "made * * * after a general judgment is entered" and, insofar as it requires a new trial on the three claims that went to the jury, it is an order that "affects a substantial right."[4] Plaintiff agrees that a general judgment was entered after the trial, but she contends that, once the Court of Appeals reversed and remanded the general judgment and the trial court then vacated the general judgment, the general judgment no longer existed, and, therefore, the order requiring retrial of all three of plaintiff's statutory claims was not an order "made * * * after a general judgment." Plaintiff also argues that the order requiring retrial of the three statutory claims does not affect a substantial right.

Resolution of the parties' dispute depends on the proper interpretation of ORS 19.205(3) and, specifically, the meaning of the terms "after a general judgment" and "substantial right." We interpret ORS 19.205(3) by applying the methodology set out in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), considering text and context of the relevant statute and any helpful legislative history. As we will explain, we conclude that a trial court order determining

---

[4] Although defendant does not contend that the trial court's order was literally an "order granting a new trial" within the meaning of ORS 19.205(3), it does contend that that phrase provides context to support its interpretation. We discuss, but ultimately reject, that argument below.

the scope of trial on remand following reversal on appeal is not an order "made \*\*\* after a general judgment" and, thus, such an order is not appealable through an interlocutory appeal under ORS 19.205(3). For that reason, we need not consider whether the trial court's order in this case met the statute's second criterion for appealability—namely, whether it affected a "substantial right" of a party.

As discussed, ORS 19.205(3) makes appealable an order "made \*\*\* after a general judgment." For purposes of ORS 19.205, the term "general judgment" is defined by reference to ORS 18.005(7). ORS 19.205(1) ("Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter."). Under ORS 18.005(7), a general judgment is the

"judgment entered by a court that decides all requests for relief in the action except:

"(a)   A request for relief previously decided by a limited judgment; and

"(b)   A request for relief that may be decided by a supplemental judgment."[5]

The parties do not dispute that a valid general judgment was entered in this case after the trial and that that general judgment "decide[d] all requests for relief in the action."

The trial court's order determining the scope of remand was made after the Court of Appeals had rendered its decision on appeal. Thus, in a purely temporal sense, that order was made "after" the general judgment was entered. As plaintiff points out, however, the general judgment was both reversed and remanded by the Court of Appeals and

---

[5] As relevant here, a limited judgment is defined as a "judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment." ORS 18.005(13)(d). A supplemental judgment is a judgment that is rendered after a general judgment. ORS 18.005(17) ("'Supplemental judgment' means a judgment that may be rendered after a general judgment pursuant to a legal authority."). Supplemental judgments typically, concern attorney fees or other issues that arise after the general judgment. *See, e.g.*, ORCP 68 C(5)(b) (attorney fees may be awarded by supplemental judgment); ORS 20.077 (establishing process to determine prevailing party for purpose of attorney fee award).

vacated by the trial court. The question, then, is whether either or both of those actions effectively meant that there no longer was a general judgment, as plaintiff contends, so that the trial court's order determining which claims would be retried can no longer be seen as an order that was "made * * * after a general judgment is entered." As we will explain, we conclude that, after a Court of Appeals decision to reverse and remand a trial court's general judgment, there no longer is a general judgment for purposes of ORS 19.205(3). Therefore, the trial court's order in this case purporting to vacate the general judgment had no legal effect for purposes of our decision whether the trial court's order determining the scope of the trial on remand was appealable.

We begin by noting that nothing in the text of ORS 19.205(3) itself addresses the effect of a Court of Appeals decision reversing and remanding a general judgment on the status of the general judgment after reversal and remand. Defendant argues that ORS 18.075(1) provides context for our interpretation of ORS 19.205(3) and requires the conclusion that the trial court's order was made "after a general judgment." That statute provides that "[a] judgment is entered in circuit court when a court administrator notes in the register that a judgment document has been filed with the court administrator." ORS 18.075(1). Relying on that statute, defendant argues that, once a notation was made in the court register that a judgment document had been filed—in this case, the November 22, 2019, entry of the general judgment reflecting the jury's award of damages to plaintiff under ORS 654.062—the first criterion for appealability was met.

We are not persuaded. ORS 18.075(1) does not speak to the status of a judgment once it has been reversed and remanded on appeal. And nothing in the text, context, or legislative history of that statute or of ORS 19.205(3) suggests that the legislature intended to authorize immediate appeal from every order that a trial court makes on remand from the Court of Appeals as long as the order affects a party's substantial rights. In fact, the only legislative history that we are aware of suggests a contrary intention. In 2003, the legislature undertook a comprehensive revision of the statutes governing judgments and made conforming amendments

to provisions concerning their appealability. *See* Or Laws 2003, ch 576; HB 2646 (2003); Judgments/Enforcement of Judgments: Judgments Report (HB 2646), Oregon Law Commission, Feb 6, 2003, 23 (Judgments Report) ("Sections 83 to 88. Conforms provisions of law governing appeals in ORS chapter 19 and the ORCP to sections 1 to 44 of the bill." (Underscoring in original.)). The 2003 amendments included, as relevant here, the enactment of ORS 19.205(3), which was, in effect, a rewording and renumbering of a then-existing statute, ORS 19.205(2) (1997), to combine two paragraphs of subsection (2) into one and to make a few other minor wording changes. Or Laws 2003, ch 576, § 85. The Oregon Law Commission explained that among the reasons for the 2003 amendments was that this court had expressed an "aversion for piecemeal, or interlocutory appeals." Judgments Report at 9. Interpreting ORS 19.205(3) to permit the appeal of any order made in an action after reversal and remand of a general judgment (and that affects a party's substantial rights) would not minimize "piecemeal, or interlocutory appeals."

As noted, defendant also suggests that the inclusion of the reference in ORS 19.205(3) to "an order granting a new trial" is significant. Defendant does not appear to argue that the trial court's order in this case is literally an "order granting a new trial" as that phrase is used in ORS 19.205(3). Rather, it seems to suggest that the trial court's order determining the scope of the issues to be tried on remand in this case is, effectively, "an order granting a new trial" insofar as it requires a new trial on all three of plaintiff's statutory claims, including the two claims on which defendant prevailed at the first trial, and that it therefore should be deemed appealable under ORS 19.205(3) by analogy.

Defendant does not provide any textual analysis to support that contention, and the legislative history and evolution of the statutory wording of what is now ORS 19.205(3), as well as other contextual clues, indicate that that analogy is inapt.

As originally enacted in 1907, the predecessor statute to ORS 19.205 provided as follows:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting

a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or *an order setting aside a judgment and granting a new trial*, for the purpose of being reviewed, shall be deemed a judgment or decree."

Lord's Oregon Laws, title VII, ch V, § 548 (1910) (emphasis added). The relevant text remained materially unchanged over the years, although the statute was renumbered in 1953, and the elements of the original provision were broken into separate subsections and paragraphs. The 1953 version of the statute, *former* ORS 19.010 (1953), provided:

"(1)   A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b)   An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c)   A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d)   *An order setting aside a judgment and granting a new trial*.

(Emphasis added.)[6]

        That statute was again renumbered in 1997 as ORS 19.205, but it otherwise remained unchanged until 2003, when, as noted, the legislature comprehensively amended the statutes governing judgments and, as relevant here, enacted

---

[6]  In 1977, the legislature amended the statute to add paragraph (2)(e), which provided that "[a] final judgment or decree entered in accordance with [ORS 18.125]" may be reviewed on appeal. Or Laws 1977, ch 208, § 4. Following the promulgation of the Oregon Rules of Civil Procedure in 1980, the legislature amended the statute again, rewording that subsection to account for ORCP 67 B. *See* Or Laws 1981, ch 209, § 18 ("A final judgment or decree entered in accordance with ORCP 67 B"). The substance of paragraph (2)(e) remains a part of the current version of ORS 19.205.

ORS 19.205(3), which combined *former* 19.205(2)(c) and (d) (1997) into one subsection:

> "(3)  An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."

Or Laws 2003, ch 576, § 85.

Prior to the 2003 amendments, *former* ORS 19.205(2)(d) (1997) and its predecessors referred to and made appealable "a judgment or decree," which, for purposes of that provision, included "[a]n order setting aside a judgment and granting a new trial." In *Mangus v. Progress Quarries, Inc.*, 290 Or 377, 622 P2d 319 (1981), this court considered whether an order granting a new trial was an appealable "judgment or decree" notwithstanding the fact that that order did not set aside a judgment. In that case, a trial had resulted in a jury verdict in favor of the plaintiffs, but no judgment was rendered on the verdict. *Id.* at 379. The plaintiffs moved for a new trial,[7] and the trial court issued an order setting aside the verdict and allowing a new trial on the ground that the verdict was invalid. *Id.* The defendant then filed a notice of appeal from the order granting a new trial. *Id.* The Court of Appeals dismissed the appeal for lack of jurisdiction under *former* ORS 19.010(2)(d) (1979), which, as noted made appealable "[a]n order setting aside a judgment and granting a new trial." *Id.*

On review, this court stated that the issue was whether the order granting a new trial was appealable under *former* ORS 19.010(2)(d) (1979) even though it did not set aside a judgment. *Id.* The court stated that the legislative history of *former* ORS 19.010(2)(d) (1979) demonstrated that the requirement that the order set aside a judgment was a deliberate legislative choice. *Id.* at 380. The court explained that, when the legislature originally enacted the predecessor statute in 1907, it gave trial courts the power, which had not previously existed, to set aside judgments that had

---

[7] The opinion in *Mangus* does not explain why the plaintiffs would have sought a new trial after prevailing in the first trial.

already been entered and to order new trials under certain circumstances,[8] and it simultaneously made such orders appealable.[9] *Id.* In other words, the court stated, "The legislature, by deliberate description, created a new judicial act and a means to obtain review of it." *Id.* The court therefore held that, because the trial court order in that case granted a new trial but did not set aside a judgment, it was not an appealable order under *former* 19.010(2)(d) (1979). *Id.*

In 2003, the words "setting aside a judgment" were omitted from the text of ORS 19.205(3). Nothing in the legislative history explains why the legislature omitted that phrase—which was found in all previous iterations of the statute—from the text of the statute. At the same time, nothing in the legislative history indicates that the legislature intended the 2003 amendments to change the types of orders that would be appealable under ORS 19.205(3) or, specifically, to make orders after remand appealable. Rather, the text and legislative history of the statute suggest that the legislature intended ORS 19.205(3) to confer a right to appeal in a very limited circumstance, namely, when a trial court orders a new trial after the conclusion of a trial, something that can typically happen only after the trial court has set aside the judgment.

Significantly, the term "new trial" is best understood in relation to the judgment in the original trial. Although ORS 19.205 does not define the term "new trial," a definition of that term is included in ORCP 64. That rule permits the trial court, on a motion of a party, to set aside a judgment and order a new trial in an action where there has been a trial by jury. ORCP 64 B. ORCP 64 A provides that a "new trial" is "a re-examination of an issue of fact in the same court after judgment." Thus, for purposes of ORS 19.205(3), an order on remand can, at best, be analogous to a

---

[8] The circumstances entitling a party to move for a new trial included those found in *current* ORCP 64B (1) to (6). *See* The Codes and Statutes of Oregon, title II, ch VIII, § 174 (Bellinger & Cotton 1901), *amended by* Or Laws 1907, ch 162, § 2 (listing causes that "materially affect[ed] the substantial rights" of a party).

[9] As in current ORCP 64 C and 64 F, the timing of an appeal of a new trial order under the 1907 version of the rule was calculated based on entry of the original judgment. *See* The Codes and Statutes of Oregon, title II, ch VIII, § 175 (Bellinger & Cotton 1901), *amended by* Or Laws 1907, ch 162, §§ 3-4 (requiring motion to be filed within one day "after the entry of the judgment").

new trial order only if that order is "after judgment," which is the inquiry that we started with. It follows that defendant's purported analogy does not advance our inquiry.

Therefore, to decide whether the order is appealable, we must determine the effect of the Court of Appeals' decision to reverse and remand on the general judgment. Plaintiff urges this court to adopt what she maintains is the Court of Appeals' "rule" that, when a general judgment is "reversed and remanded" on appeal, absent some limiting wording suggesting that the judgment is reversed and remanded only in part, the entire general judgment is "negated" and therefore, there is no longer a general judgment in place for purposes of ORS 19.205(3). *See, e.g.*, *Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012) (holding that a general "reversed and remanded" direction in the appellate judgment, without any limiting wording, "negates the appealed judgment or order"); *Mendoza v. Xtreme Truck Sales, LLC*, 328 Or App 471, 476, 537 P3d 563 (2023) (same). *But see Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 64 P3d 1193 (*Beall I*), *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (*Beall II*) (on reconsideration, explaining that retrial was limited to one claim on remand, even though earlier disposition did not specify, because only that one claim was affected by error identified by court). Applying that Court of Appeals' rule, plaintiff contends that, because there is no general judgment in place after a Court of Appeals' reversal, any order entered by the trial court after remand, including a trial court order determining the scope of the remand itself, is not "made *** after a general judgment is entered" and thus is not appealable under ORS 19.205(3). Instead, in plaintiff's view, the parties must wait until the trial court enters a new general judgment after retrial and raise the issue of the scope of the trial on remand on appeal.

Defendant contends that that rule does not apply to the parts of the judgment that were not appealed. It argues that the Court of Appeals cases that plaintiff cites hold that the general judgment is a nullity after reversal and remand only when a party appeals from an adverse judgment and demonstrates that the trial court's order was predicated

on reversible error that renders the entire judgment a nullity.[10] In this case, defendant argues, it won jury verdicts with respect to two of plaintiff's three statutory claims and neither party appealed those two verdicts. Therefore, defendant contends, the parts of the general judgment addressing those claims should remain undisturbed.[11]

The parties' arguments, in different ways, relate more to the trial court's order and its authority on remand than to the meaning of ORS 19.205(3), and, as we have stated, the correctness of the trial court's order is not before us at this time.[12] The only issue that we decide today is whether,

---

[10] Defendant asserts that this case is analogous to the Court of Appeals' decision in *Beall I*, where the Court of Appeals ruled that the trial court's failure to give a party's—Abrams's—requested jury instruction was prejudicial because it allowed the jury to rule in favor of the respondent, Southern Pacific, on its conversion claim against Abrams. 186 Or App at 699, 708. The Court of Appeals issued a decision with a tagline that "reversed and remanded for a new trial" the judgment in favor of Southern Pacific against Abrams. *Id.* at 709. Southern Pacific petitioned for clarification as to whether the only claim to be retried on remand was its conversion claim against Abrams. *Beall II*, 187 Or App at 475. Abrams argued that the scope of the remand necessarily compelled a retrial not only of Southern Pacific's claim for conversion, but also of Abrams' various claims and counterclaims against Southern Pacific. *Id.* On clarification, the Court of Appeals explained that the only claim to be retried on remand was Southern Pacific's conversion claim against Abrams, because that was the only claim that was implicated by the prejudicial failure to give Abrams' requested instruction at trial. *Id.* at 475-76.

According to defendant, *Beall II* stands for the proposition that, in jury instruction appeals, a "reversed and remanded" tagline does not negate the entire judgment from which an appeal is taken, regardless of the reason for the reversal. However, the issue in *Beall II* was which claims were subject to retrial, not the effect of the Court of Appeals' decision to reverse and remand on the appealability of a trial court order determining the scope of trial on remand. And, while *Beall II* may support defendant's contention that the trial court's order in this case was incorrect, the correctness of the trial court's order is not now before us, as we have previously stated.

[11] Defendant also asserts, in a footnote, that applying the rule that plaintiff advocates—that a Court of Appeals decision reversing and remanding a general judgment renders the general judgment a nullity—would unconstitutionally displace the harmless error doctrine, insofar as it would overturn a judgment even though no error had been shown to materially or detrimentally affect a party's rights. In support of that proposition, defendant cites Article VII (Amended), section 3, of the Oregon Constitution ("[T]he right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict.") and Article I, section 17 ("In all civil cases the right of Trial by Jury shall remain inviolate."). However, it does not develop that constitutional argument, and we decline to consider it in this opinion.

[12] On remand, the trial court generally has discretion to determine how to proceed, so long as that decision is within the boundaries set by the appellate

in general, a trial court order determining the scope of the trial on remand from the Court of Appeals after reversal is appealable under ORS 19.205(3).

Again, ORS 19.205(3) provides that an order that is made "after a general judgment" is appealable. As we have explained, a "general judgment" is "the judgment entered by a court that decides all requests for relief," except for those that were decided in a limited judgment or that may be decided in a supplemental judgment. ORS 18.005(7). There is no dispute that the general judgment issued by the trial court in this case decided all of plaintiff's requests for relief. However, once the Court of Appeals reversed and remanded, there no longer was a general judgment. That is so because, after the Court of Appeals reversed as to even one of plaintiff's claims for relief, that claim remained unresolved. It follows that, by definition, after reversal, there no longer was a "judgment entered by a court that decides all requests for relief" under ORS 18.005(7), and, therefore, at that point, the trial court order was not an order made "after a general judgment" for purposes of ORS 19.205(3). For that reason, the trial court's order was not appealable under ORS 19.205(3) and the Court of Appeals lacked jurisdiction to consider defendant's appeal.

The orders of the Court of Appeals are affirmed.

---

court's instructions and opinion. *State v. Hightower*, 368 Or 378, 387, 491 P3d 769 (2021); *see also* ORS 19.270(8) ("After jurisdiction of the appellate court ends, all orders which may be necessary to carry the appellate judgment into effect shall be made by the court from which the appeal was taken."). This case addresses only whether such an order on remand may be appealed immediately under ORS 19.205(3).